■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MEREDITH, Appellant.—Order, Supreme Court, New York County (Jay Gold, J.), dated February 8, 1990, denying defendant's motion to set aside the sentence, unanimously affirmed.

Defendant's conviction arose out of his arrest for possession of substantial quantities of heroin and cocaine, along with drug manufacturing equipment, seized from two apartments which were under his control. Defendant pleaded guilty to criminal possession of a controlled substance in the second degree. At the plea proceeding, the court inadvertently had accepted defendant's plea to attempted criminal possession of a controlled substance in the first degree, which it mistakenly believed to be an A-II felony. The court agreed to impose a minimum sentence of 5 years to life, and a maximum sentence of 6 years to life. At the sentencing proceeding, with counsel's consent, the court entered a plea of guilty to criminal possession of a controlled substance in the second degree, an A-II felony, with the same term of sentence previously agreed to. Defendant has never challenged this sentence by direct appeal.

Prior to the present charges, defendant had been incarcerated for 30 months, on an unrelated charge, the conviction for which was reversed by the Second Department after defendant had served his full sentence. *(See, People v Callendar,* 71 AD2d 1028.) After judgment was entered in the present case, defendant moved pursuant to CPL 440.20 to vacate the present sentence, alleging that the sentencing court had failed to consider defendant's prior period of incarceration, imposed pursuant to a defective conviction, as a factor in mitigation of the present sentence. It is that motion which we now consider.

Initially, we note that defendant's claims do not set forth allegations sufficient to trigger relief under CPL 440.20. Additionally, as counsel concedes, it would be inappropriate to extend to defendant jail time credit under the circumstances of this case *(see,* Penal Law § 70.30 [3]; *see, Matter of Hawkins*

*v Coughlin,* 72 NY2d 158). The sentencing court is not required to consider prior periods of incarceration, albeit wrongfully imposed, as potential mitigating circumstances for sentencing on the present crime.

Defendant neither challenged the sentence by direct appeal, nor requested to withdraw his plea. Notwithstanding defendant's argument that the court, in initially misapprehending the degree of felony, evinced an intention of sentencing defendant to a minimum term, the court clearly intended to sentence defendant to the term imposed, and corrected the classification of the felony, *nunc pro tunc.* Defendant bargained for this sentence, and we find no reason to disturb it. *(See, People v Brito,* 154 AD2d 293.)

Accordingly, there exists no basis to set aside this sentence pursuant to CPL 440.20. Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.