■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MILLER, Appellant. [693 NYS2d 646] —Spain, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered March 2, 1998, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree, attempted criminal use of a firearm in the second degree, unlawful imprisonment in the first degree and menacing in the second degree (two counts).

Based upon a plea bargain, defendant pleaded guilty to attempted burglary in the second degree, attempted criminal use of a firearm in the second degree, unlawful imprisonment in the first degree and two counts of menacing in the second degree in satisfaction of a six-count indictment arising out of a series of events which occurred at the residence of his former girlfriend. Pursuant to the plea bargain, defendant was sentenced to concurrent and consecutive terms of imprisonment aggregating 3½ to 8 years. On appeal defendant contends that concurrent sentences for all crimes were required by Penal Law § 70.25.

Defendant was sentenced to 2½ to 5 years' imprisonment on attempted burglary in the second degree, a class D violent felony. On one of the other crimes, he was sentenced to a consecutive term of 1 to 3 years' imprisonment, with the remaining terms concurrent. It is not clear from the record which of the other crimes was the basis for the consecutive sentence. During the plea proceeding, there was some initial discussion that the firearm crime would run consecutively, but the District Attorney concluded that the consecutive sentence would have to be imposed on the unlawful imprisonment crime. At sentencing, however, the Assistant District Attorney stated that the plea bargain required a consecutive sentence on the firearm crime. County Court indicated its intent to impose the agreed-upon sentence, but thereafter stated that the sentences of 1 to 3 years on each of the two menacing counts were concurrent with each other and consecutive to the other terms. The commitment, which contains several errors, indicates that the consecutive sentence was imposed on the firearm crime.

Defendant contends that regardless of which crime was the basis for the consecutive sentence, all terms must be concurrent because the crimes arose out of a single criminal transaction and all of the crimes involved defendant's possession or use of a loaded rifle. Where, as here, the building entered by defendant is a dwelling, possession of a deadly weapon is not an element of burglary in the second degree (*see*, Penal Law § 140.25 [2]). The burglary, however, is a material element of unlawful use of a firearm in the second degree (*see*, Penal Law § 265.08) and, therefore, we agree with defendant that concurrent sentences are required for the attempted burglary and attempted unlawful use of a firearm (*see*, *People v Laureano*, 87 NY2d 640, 643). However, after the burglary was completed, defendant restrained his former girlfriend's male companion by pointing a loaded rifle at him and telling him not to move, thereby committing the crime of unlawful imprisonment in the

first degree (*see,* Penal Law § 135.10). An examination of the statutory elements of attempted burglary in the second degree and attempted unlawful imprisonment in the first degree, as required by *People v Laureano* (*supra*), reveals no overlap. Furthermore, the burglary and unlawful imprisonment were separate successive acts which justify the imposition of consecutive sentences (*see, People v Beverly,* 220 AD2d 881, 884, *lv denied* 87 NY2d 898; *People v Brown,* 216 AD2d 670, 674, *lv denied* 86 NY2d 791; *see also, People v Bellamy,* 247 AD2d 627, *lv denied* 92 NY2d 1028). Accordingly, we reject defendant's claim that none of the crimes provides a basis for the imposition of consecutive sentences.

In view of the confusion in the record regarding the crime upon which the consecutive sentence was imposed, the appropriate remedy is to hold the appeal in abeyance and remit the matter to County Court to issue a report clarifying defendant's sentence (*see, People v Hladky,* 224 AD2d 545) or whatever further proceedings might resolve the confusion.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.