■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT H. CONWAY, JR., Appellant. [845 NYS2d 545]—

Cardona, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 21, 2006, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Waiving his right to appeal, defendant pleaded guilty to one count of felony driving while intoxicated in satisfaction of a three-count indictment. As part of the plea bargain, defendant was placed on interim probation for a period of one year with the requirement that he successfully complete a drug court program at an addiction treatment facility. At the time of the plea, County Court informed defendant: "If you complete the program, when you are on Probation, I will sentence you to 6 months and 5 years Probation. If you don't, if you come back in

the next year for anything, it is going to be [2¹/₃ to 7]." Thereafter, defendant violated the terms of his interim probation and was sentenced to 2¹/₃ to 7 years in prison, prompting this appeal.

Initially, we find defendant's challenge to the validity of his appeal waiver to be unpersuasive. Not only did he adequately waive his right to appeal on the record, he also executed a written appeal waiver which set forth his appellate rights and indicated that he had discussed the waiver with his attorney and was relinquishing his right to appeal knowingly and intelligently (*see People v Ramirez*, 42 AD3d 671, 671-672 [2007]). Additionally, to the extent that defendant challenges the voluntariness of his guilty plea, that matter is unpreserved for our review given his failure to move for withdrawal of the plea or vacatur of the judgment of conviction (*see People v Underwood*, 37 AD3d 907, 907 [2007], *lv denied* 9 NY3d 852 [2007]). In any event, the plea minutes establish that defendant's guilty plea was knowingly, intelligently and voluntarily entered (*see id.*). Finally, in light of defendant's valid appeal waiver, he is precluded from arguing that his sentence was harsh and excessive (*see People v Tedesco*, 38 AD3d 1102, 1103 [2007], *lv denied* 8 NY3d 991 [2007]).

Mercure, Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.