(February 7, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TALMADGE, Appellant. [852 NYS2d 406]—Mercure, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 3, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

Following his arrest in Orange County on the charge of criminal possession of a controlled substance in July 2005, defendant was charged with violating the terms of his probation in Sullivan County, which had been imposed with respect to his convictions there in 2004 for felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle. Defendant pleaded guilty to attempted criminal possession of a controlled substance in Orange County and, based on that conviction, pleaded guilty to violating his probation in Sullivan County, with no promises made regarding sentencing. Defendant was subsequently sentenced to two years of imprisonment and two years of postrelease supervision in Orange County on the 2005 charge, as well as a concurrent term of $1\frac{1}{3}$ to 4 years in prison for a pending 2003 conviction for driving while intoxicated. Thereafter, County Court of Sullivan County revoked defendant's probation and sentenced him to $1\frac{1}{3}$ to 4 years in prison on each of the 2004 convictions, with the sentences to run concurrently with each other and consecutively to the sentences imposed in Orange County. Defendant now appeals the Sullivan County judgment.

Defendant's failure to move to withdraw his plea or vacate the judgment of conviction has rendered his challenge to the voluntariness of his guilty plea to violating his probation unpreserved for our review (see People v Crudup, 45 AD3d 1111, 1111 [2007]; People v Conway, 45 AD3d 1055, 1056 [2007]; People v Underwood, 37 AD3d 907, 907 [2007], lv denied 9 NY3d 852 [2007]). Inasmuch as the plea colloquy does not cast significant doubt on defendant's guilt or the voluntariness of his plea, the exception to the preservation rule is inapplicable here, as defendant concedes (see People v Hall, 41 AD3d 1090, 1091 [2007], lv denied 9 NY3d 876 [2007]; People v Rose, 41 AD3d 1033, 1034 [2007], lv denied 9 NY3d 926 [2007]). Moreover, reversal in the interest of justice is unwarranted here.

We further reject defendant's claim that his sentence was harsh and excessive. Considering defendant's criminal history and long-term substance abuse, as well as his inability to abide by the conditions of his probation, we find no abuse of discre-

tion or extraordinary circumstances warranting a reduction in his sentence (*see People v Barrett*, 39 AD3d 1088, 1089 [2007], *lv denied* 9 NY3d 863 [2007]; *People v Drake*, 36 AD3d 967, 968 [2007], *lv denied* 8 NY3d 921 [2007]; *People v Van Housen*, 7 AD3d 884, 884 [2004]).

Spain, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.