■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC P. SCHMIDT, Appellant. [869 NYS2d 648]—Cardona, P.J.

After defendant made three separate sales of marihuana and one sale of hydrocodone to an undercover police officer, a warrant was obtained to search defendant's residence, where the State Police found, among other things, approximately 10 pounds of marihuana. Thereafter, defendant was charged in an indictment with criminal sale of marihuana in the first degree, criminal possession of marihuana in the first degree and criminal possession of marihuana in the second degree. Defendant agreed to plead guilty to all three counts of the indictment and, during the course of the plea allocution, he executed a written waiver of his right to appeal. In accordance with the plea agreement, defendant was sentenced to concurrent prison terms, resulting in an aggregate sentence of three years. He now appeals, challenging the denial of his suppression motion and the sentenced imposed.

Notably, defendant does not challenge the validity of his waiver of the right to appeal. Viewing the record in its totality, we find that "County Court's admonitions, together with the written waiver in the record, sufficiently informed defendant of his rights" (*People v Lewis*, 48 AD3d 880, 881 [2008]; *see People v Giovanni*, 53 AD3d 778, 778 [2008]). In light of defendant's valid appeal waiver, he is now foreclosed from challenging the denial of his suppression motion (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Collins*, 53 AD3d 932, 933 [2008], *lv denied* 11 NY3d 831 [2008]), as well his "contention that the sentence imposed was harsh and excessive" (*People v Clark*, 52 AD3d 951, 952 [2008], *lv denied* 11 NY3d 831 [2008]).

Spain, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.