■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS L. BRENNAN, Appellant. [879 NYS2d 620]—

Peters, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered February 22, 2008, convicting defendant upon his plea of guilty of the crimes of attempted robbery in the second degree, attempted criminal possession of a weapon in the second degree and conspiracy in the fourth degree.

In January 2007, defendant conspired with Charles Little and Aaron Peavy to rob a drug dealer in the City of Schenectady, Schenectady County. In the course of the attempted robbery, Peavy was killed and Little was injured. After being confronted with evidence of his participation, defendant agreed to plead guilty to attempted robbery in the second degree, attempted criminal possession of a weapon in the second degree and conspiracy in the fourth degree, waive his right to appeal and comply with the terms of a cooperation agreement. The cooperation agreement, which was fully set forth during the plea

proceeding, required that defendant cooperate and testify truthfully at all stages of both his proceeding and the criminal proceedings involving Little. In exchange, the People promised to recommend concurrent determinate prison sentences of between two and four years. It further provided that if defendant did not comply fully with his obligations, the People would be free to recommend, and the court to impose, "any sentence consistent with [his] guilty pleas, including consecutive sentences."

Thereafter, defendant refused to testify at Little's trial or to otherwise cooperate with the prosecution of that matter. At sentencing, defendant confirmed his understanding that the plea agreement required his full cooperation and acknowledged that he had breached its terms. County Court sentenced him to consecutive prison terms of seven years for the attempted robbery conviction, seven years for the attempted criminal possession of a weapon conviction, and 1⅓ to 4 years for the conspiracy conviction. Defendant appeals, and we affirm.

Defendant's challenge to the voluntariness of his plea, although not encompassed by his waiver of appeal, is not preserved for our review because he failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Grant*, 60 AD3d 1202, 1202 [2009]; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). Moreover, the narrow exception to the preservation rule does not apply here as he did not make any statement during the plea that cast doubt on his guilt or otherwise called into question the voluntariness of his plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Jeske*, 55 AD3d at 1058). In any event, our review of the colloquy reveals that defendant's plea was knowing, intelligent and voluntary. Moreover, he affirmed his understanding that his failure to cooperate could result in the imposition of consecutive maximum sentences.

Defendant also contends that County Court erred in imposing consecutive sentences upon his convictions because his conduct in driving Little and Peavy to the victim's home formed the basis for each of the crimes to which he pleaded. While this challenge to the legality of his sentence survives his guilty plea and waiver of appeal (*see People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Middleton*, 32 AD3d 557, 557 [2006]), we are unpersuaded. Concurrent sentences must be imposed for "two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]; *see People v Ramirez*, 89 NY2d 444, 451 [1996]). When Little and Peavy met at defendant's residence, armed

with loaded firearms and prepared to rob the drug supplier, "the crime of conspiracy was complete" (*People v Arroyo*, 93 NY2d 990, 992 [1999]; *see People v Ribowsky*, 77 NY2d 284, 293 [1991]; *People v Ballard*, 38 AD3d 1001, 1003 [2007], *lv denied* 9 NY3d 840 [2007]). The counts charging defendant with attempted criminal possession of a weapon in the second degree (*see* Penal Law §§ 110.00, 265.03 [1] [b]) and attempted robbery in the second degree (*see* Penal Law §§ 110.00, 160.10 [1]) do not contain overlapping elements and were based on separate and distinct acts that occurred subsequent to the conspiracy (*see People v Arroyo*, 93 NY2d at 992; *People v Yong Yun Lee*, 92 NY2d 987, 989 [1998]; *People v Ramirez*, 89 NY2d at 451-452; *People v Rivette*, 20 AD3d 598, 602-603 [2005], *lv denied* 5 NY3d 809 [2005]; *People v Miller*, 262 AD2d 796, 798 [1999]). Accordingly, imposition of consecutive sentences was permitted.

Finally, defendant's challenge to the severity of his sentence is precluded by his valid appeal waiver (*see People v Burt*, 57 AD3d 1171, 1172 [2008]; *People v Schmidt*, 57 AD3d 1104, 1104 [2008]).

Cardona, P.J., Lahtinen, Kane and McCarthy, JJ., concur. Ordered that the judgment is affirmed.