■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD A. BETHEL, Appellant. [894 NYS2d 205]—

Kavanagh, J.

In June 2008, defendant was forcibly removed from a bar in the Village of Endicott, Broome County after he got into an argument with the victim, an employee of the bar, about paying a cover charge and struck the victim in the back of the head with a beer bottle. Defendant returned to the premises shortly thereafter armed with a loaded .45 caliber handgun and, upon confronting the victim in a crowded parking lot, fired six shots from the weapon, striking the victim once. Defendant was subsequently arrested and, while represented by counsel, agreed

to waive indictment and be prosecuted by a superior court information charging him with attempted murder in the second degree and criminal use of a firearm in the first degree. At the same time, he entered a plea of guilty to attempted murder in the second degree in exchange for a commitment by County Court that the sentence to be imposed would not exceed 12 years in prison, plus five years of postrelease supervision.* Defendant was sentenced in accordance with that agreement and now appeals, claiming that his guilty plea was, under the facts presented, involuntarily rendered and he was deprived of the effective assistance of counsel.

Initially, we note that defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction renders his claims that his plea was involuntarily entered and his plea allocution was factually inadequate unpreserved for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Mason*, 66 AD3d 1225, 1227 [2009]; *People v Campbell*, 66 AD3d 1059, 1059 [2009]; *People v Parsons*, 65 AD3d 716 [2009], *lv denied* 13 NY3d 838 [2009]; *People v Dantzler*, 63 AD3d 1376, 1377 [2009]; *People v Brennan*, 62 AD3d 1167, 1168 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Talmadge*, 48 AD3d 836, 836 [2008]). Moreover, the narrow exception to the rule requiring preservation does not apply here as defendant did not make any statements during his plea allocution that cast doubt upon his guilt or the voluntariness of his plea (*see People v Mason*, 66 AD3d at 1227; *People v Brennan*, 62 AD3d at 1168). If we were to conduct such a review, the record establishes that defendant's affirmative responses to County Court's questions posed during the plea allocution established not only that his guilty plea was entered after he had conferred with counsel, but also contained an admission by defendant that "on or about the 14th day of June, 2008, with the intent to cause the death of another person [he] did attempt to cause the death of [the victim] by shooting [him] with a bullet discharged from a loaded firearm" (*see People v Campbell*, 66 AD3d at 1060; *People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]). As such, defendant's claims as they relate to the voluntariness of his guilty plea or the factual adequacy of his plea allocution are, in our view, without merit.

Defendant also claims the he was denied the effective assis-

---

* It was also stipulated as part of the plea that defendant would plead guilty to criminal use of a firearm in the first degree and a less severe sentence would be imposed if County Court concluded, upon its review of the presentence investigation report, that such action was appropriate. After conducting such a review, County Court declined to exercise such discretion and refused to impose a lesser sentence.

tance of counsel because his counsel failed to retain an expert witness to testify that defendant was intoxicated at the time of the incident and, therefore, could not have formed the specific intent required to establish that he committed the crime of attempted murder. By entering a guilty plea, defendant gave up his right to a trial and his right to offer any defenses to the charges contained in the superior court information. Moreover, this claim is not only unpreserved due to defendant's failure to move to vacate his judgment of conviction (*see People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]), but defendant made no statements during his plea allocution or sentencing that suggested the existence of such a defense. As for his contention that counsel's failure to provide him with meaningful representation affected his decision to plead guilty, his claim in that regard involves matters that fall outside the record and should have been the subject of a CPL article 440 motion (*see People v Smith*, 57 AD3d 1237, 1238 [2008]).

Spain, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

