■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAQUAN R. CHANEY, Appellant. [900 NYS2d 163]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 19, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

Defendant was charged in a four-count indictment with two counts of criminal possession of a weapon in the second degree, attempted assault in the first degree and criminal use of a firearm in the second degree.* As pretrial hearings were about to begin, defendant agreed to enter a guilty plea to criminal possession of a weapon in the second degree and waive his right

---

* The charges stemmed from an incident during which defendant discharged a firearm into a crowd of people but, fortunately, no one was injured.

to appeal his sentence in exchange for a commitment by County Court that his sentence not exceed nine years in prison plus three years of postrelease supervision. One month later, when defendant appeared for sentencing, he made an oral application to withdraw his guilty plea claiming that his assigned counsel had misinformed him regarding the length of the sentence that could have been imposed if he had rejected the plea and had been convicted of all of the crimes listed in the indictment. He also maintained that it was his understanding when he entered his guilty plea that County Court had agreed to impose a $3^{1}/_{2}$-year prison term as his sentence. Given the nature of these claims, County Court adjourned sentencing and new counsel was assigned to represent defendant, who submitted a written motion on defendant's behalf to withdraw the guilty plea. County Court denied defendant's motion to withdraw his guilty plea and sentenced defendant to a prison term of eight years, plus three years of postrelease supervision.

Defendant argues on this appeal that trial counsel did not provide him with meaningful representation and specifically claims that counsel failed to adequately explain the legal options presented by the plea offers made to him during the course of his prosecution. These claims are not supported by the record. " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008], quoting *People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Carmona*, 66 AD3d 1240, 1242 [2009]; *People v Lee*, 51 AD3d 1217, 1217-1218 [2008]). Initially, we note that defendant's contentions regarding his trial counsel involve matters that, for the most part, are outside the record and, as such, are not a proper subject for our review (*see People v Brown*, 68 AD3d 1150, 1151 [2009]; *People v Fiske*, 68 AD3d 1149, 1150 [2009]).

Moreover, it is undisputed that defendant's guilty plea served to significantly reduce the potential prison sentence that he could have received had he gone to trial and been convicted of all of the charges contained in the indictment. In addition, counsel made appropriate pretrial motions on defendant's behalf and was about to represent his interests at a *Wade/Huntley* hearing when defendant entered his guilty plea. Also, we note that defendant had previously rejected a plea offer made to him by the prosecution and, prior to entering his guilty plea, he was given numerous opportunities to confer with counsel as well as members of his family regarding his legal options and the

benefits offered by accepting the proposed plea. As a result, it is our view that counsel provided meaningful representation prior to and at the time defendant entered his guilty plea (*see People v Jackson*, 67 AD3d 1067, 1068-1069 [2009]).

More importantly, during the plea allocution, County Court conducted a detailed inquiry of defendant to insure that he fully understood the legal ramifications of giving up his right to trial and entering a guilty plea. In addition, throughout this process, the court provided defendant with ample opportunity to confer with counsel and his mother to insure that the plea was knowingly and voluntarily entered. As such, defendant's claims regarding his guilty plea are not supported by the record and the judgment of conviction should be affirmed (*see People v Ashley*, 71 AD3d 1286, 1287 [2010]; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]).

Spain, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

