■ The People of the State of New York, Respondent, v Marcus Lopez, Appellant. [902 NYS2d 230]—

Egan Jr., J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 11, 2008, convicting defendant upon his plea of guilty of the crime of possessing a sexual performance by a child.

After defendant was found to be in possession of numerous photographic images of boys with their genitals exposed, he was indicted on 12 counts of possessing a sexual performance by a child. In full satisfaction thereof, defendant pleaded guilty to one count of possessing a sexual performance by a child and was sentenced to an agreed-upon 10-year period of probation. Defendant now appeals contending, among other things, that his plea was factually insufficient, the photographs found in his possession did not involve a lewd display and he was denied the effective assistance of counsel. We affirm.

Initially, defendant's challenge to the factual sufficiency and

the voluntariness of his plea is unpreserved for our review due to defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Bethel*, 69 AD3d 1126, 1127 [2010]; *People v Scitz*, 67 AD3d 1251, 1251 [2009]; *People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]). A review of the plea colloquy reveals that defendant did not make any statements that were inconsistent with his guilt, such as to negate an essential element of the crime. Nor did defendant make any statements that called into question the voluntariness of his plea. Accordingly, the narrow exception to the preservation requirement is inapplicable (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Stoddard*, 67 AD3d 1055, 1055-1056 [2009], *lv denied* 14 NY3d 806 [2010]; *People v Buskey*, 62 AD3d 1164, 1165 [2009]; *People v Terry*, 55 AD3d 1149, 1150 [2008], *lv denied* 11 NY3d 931 [2009]; *People v Goodell*, 13 AD3d 816, 817 [2004], *lv denied* 4 NY3d 831 [2005]).

Likewise, defendant's ineffective assistance of counsel claim is unpreserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Anderson*, 63 AD3d 1191, 1193 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]). Further, to the extent that defendant's claim of ineffective assistance of counsel involves matters outside the record, such issues are more properly addressed in the context of a CPL article 440 motion (*see People v Fiske*, 68 AD3d 1149, 1150 [2009], *lv denied* 14 NY3d 800 [2010]). In any event, the record reflects that defense counsel negotiated a favorable plea agreement on behalf of defendant, who stated that he had discussed the terms thereof with counsel and was satisfied with counsel's services. Accordingly, were we to reach this issue, we would conclude that defendant was afforded meaningful representation (*see People v Scitz*, 67 AD3d at 1252; *People v Dobrouch*, 59 AD3d 781 [2009], *lv denied* 12 NY3d 853 [2009]).

Defendant's remaining contentions, including his assertion that County Court abused its discretion in denying his request to continue coaching teenage boys in paint ball, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.