■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC T. HARRIS, Appellant. [918 NYS2d 752]—

Egan Jr., J.

Defendant waived indictment, pleaded guilty to a superior court information charging him with assault in the second degree and was sentenced as a second felony offender to three years in prison followed by five years of postrelease supervision. In conjunction therewith, and in satisfaction of a four-count indictment, defendant also pleaded guilty to attempted grand larceny in the third degree and was sentenced as a second felony offender to the agreed-upon prison term of 1½ to 3 years. Defendant, who was represented by one assigned counsel on the larceny charge and another assigned counsel on the assault charge, now appeals, contending that a conflict of interest deprived him of the effective assistance of counsel.

We affirm. Defendant's conflict-based ineffective assistance of counsel claim is unpreserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Bigwarfe*, 35 AD3d 904, 905 [2006], *lv denied* 8 NY3d 878 [2007]; *see also People v Bolden*, 78 AD3d 1419, 1420 [2010]; *People v Miller*, 70 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 890 [2010]). To the extent defendant challenges the factual sufficiency of his plea, that issue is similarly unpreserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Lopez*, 74 AD3d 1498, 1498-1499 [2010]; *People v Bethel*, 69 AD3d 1126, 1127 [2010]; *People v Fiske*, 68 AD3d 1149, 1150 [2009], *lv denied* 14 NY3d 800 [2010]). Moreover, the narrow exception to the preservation requirement is not triggered where, as here, "defendant did not make any statements during his plea allocution that cast doubt upon his guilt or the voluntariness of his plea" (*People v Bethel*, 69 AD3d at 1127; *see People v Lopez*, 74 AD3d at 1499).

Mercure, J.P., Rose and McCarthy, JJ., concur. Ordered that the judgment is affirmed.