■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LESZCZYNSKI, Appellant. [948 NYS2d 125]—

 .

Stein, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered August 23, 2010, convicting defendant upon his plea of guilty of the crime of attempted burglary in the first degree.

After defendant was implicated in the burglary of a residence in the Town of Milton, Ulster County, he pleaded guilty to attempted burglary in the first degree in satisfaction of a four-count indictment charging him with, among other things, burglary in the first degree. In accordance with the plea agreement, defendant was subsequently sentenced as a persistent violent felony offender to a prison term of 16 years to life. Defendant now appeals and we affirm.

Defendant's challenges to the voluntariness of his plea are not preserved for our review, as there is no indication in the record before us that he moved to withdraw his guilty plea or vacate the judgment of conviction (*see People v Cogswell*, 94 AD3d 1236, 1237 [2012]; *People v Campbell*, 81 AD3d 1184, 1185 [2011]). Nor does our review of the record reveal any basis to apply the exception to the preservation rule (*see People v Harris*, 82 AD3d 1449, 1449 [2011], *lv denied* 17 NY3d 953 [2011]; *People v Scribner*, 77 AD3d 1022, 1023 [2010], *lv denied* 16 NY3d 746 [2011]; *People v Lopez*, 74 AD3d 1498, 1499 [2010]).

We find no merit to defendant's contention that he was deprived of the effective assistance of counsel. It is well settled that, " '[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008], quoting

*People v Ford*, 86 NY2d 397, 404 [1995]; *accord People v Chaney*, 72 AD3d 1194, 1195 [2010]). Defendant's assertion here that he received no benefit from the plea agreement is not supported by the record. Notably, the plea negotiated on defendant's behalf resulted in an appreciable reduction in the potential prison sentence that he might have otherwise received had he been convicted of the top count of the indictment as a repeat felony offender (*see* Penal Law § 70.08 [3] [a-1]; *People v Chaney*, 72 AD3d at 1195; *People v Lee*, 51 AD3d 1217, 1218 [2008]). Furthermore, contrary to defendant's contentions, counsel made appropriate pretrial motions and successfully secured the right to a pretrial hearing to address the suppression of certain evidence allegedly obtained illegally (*see People v Riddick*, 40 AD3d 1259, 1261 [2007], *lv denied* 9 NY3d 925 [2007]).[1]

Defendant's claim that counsel failed to clarify whether he would be sentenced as a predicate (second) violent felony offender (*see* Penal Law § 70.04 [3] [b]), as opposed to a persistent violent felony offender (*see* Penal Law § 70.08 [3] [b]), is also belied by the record. The record clearly reflects that the plea agreement was at all times premised on defendant being sentenced as a persistent violent felony offender and that County Court explicitly informed him of such.[2] Defendant's additional contention that counsel failed to inform him of a possible intoxication defense concerns matters outside the record and is, therefore, more properly the subject of a CPL article 440 motion (*see People v Shurock*, 83 AD3d 1342, 1344 [2011]; *People v Pendelton*, 81 AD3d 1037, 1039 [2011], *lv denied* 16 NY3d 898 [2011]; *People v Lafoe*, 75 AD3d 663, 664 [2010], *lv denied* 15 NY3d 953 [2010]).

Defendant also challenges the propriety of his sentencing as a persistent violent felony offender. At the sentencing hearing, defense counsel was provided with a predicate felony statement and stated that he had reviewed it with defendant. When County Court then questioned defendant regarding the statement, defendant admitted to the two prior violent felony convictions set forth therein. Given his failure to timely controvert the allegations set forth in the People's predicate felony statement, his argument that he was improperly sentenced, without a hearing, as a persistent violent felony offender is unpreserved for our review (*see People v Smith*, 73 NY2d 961, 962-963 [1989]; *People*

---

1. As a result of defendant's decision to plead guilty prior to trial, the hearing never took place.

2. County Court's singular inadvertent use of the word "predicate" instead of "persistent" in the course of the sentencing hearing does not persuade us otherwise.

*v Washington*, 89 AD3d 1140, 1142 [2011], *lv denied* 18 NY3d 963 [2012]; *People v Ochs*, 16 AD3d 971, 972 [2005]). To the extent that defendant argues that his sentence is illegal and, accordingly, that he is not required to preserve this issue, our review of the record reveals substantial compliance with CPL 400.15 and 400.16 (*see People v Nieves*, 2 NY3d 310, 315 [2004]; *People v Califano*, 84 AD3d 1504, 1506-1507 [2011], *lv denied* 17 NY3d 805 [2011]; *People v Sullivan*, 153 AD2d 223, 232 [1990], *lv denied* 75 NY2d 925 [1990]) and we, therefore, find his arguments to be without merit.

Defendant's sentence was not harsh or excessive. Notably, given his status as a persistent violent felon, the sentence was the most lenient indeterminate sentence allowed by statute for the crime to which he pleaded guilty (*see* Penal Law § 70.08 [3] [b]).

We have examined defendant's remaining contentions and find them to be unavailing.

Mercure, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.