Stein, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered April 2, 2010, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree (two counts) and criminal possession of stolen property in the fifth degree (two counts).
Defendant and a codefendant were charged in a 23-count indictment with various crimes stemming from a number of burglaries in Rensselaer County. In satisfaction thereof, defendant pleaded guilty to two counts of attempted burglary in the second degree and two counts of criminal possession of stolen property in the fifth degree, and waived his right to appeal. In accordance with the plea agreement, he was sentenced to 5V2 years in prison, to be followed by five years of postrelease supervision, on the attempted burglary convictions and one year in jail on the criminal possession convictions, which sentences were to run concurrently. Defendant appeals.
Defendant’s sole argument is that his plea of guilty to one of the counts of attempted burglary in the second degree was factually deficient, rendering the entire guilty plea a nullity and requiring reversal of the judgment of conviction. Specifically, defendant claims that the plea allocution he made with respect to the first count of the indictment failed to establish the element of intent, which is a necessary element of the crime of attempted *1146 burglary in the second degree (see Penal Law §§ 110.00, 140.25 [2]). Initially, we note that defendant’s valid waiver of the right to appeal precludes him from challenging the factual sufficiency of the plea allocution (see People v Rose, 41 AD3d 1033, 1034 [2007], lv denied 9 NY3d 926 [2007]; People v Bagley, 34 AD3d 992, 992 [2006], lv denied 8 NY3d 878 [2007]). Moreover, this issue has not been preserved for our review inasmuch as the record before us fails to indicate that defendant moved to withdraw his guilty plea or vacate the judgment of conviction (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Leszczynski, 96 AD3d 1162, 1162 [2012], lv denied 19 NY3d 998 [2012]). Notably, the exception to the preservation rule is inapplicable inasmuch as defendant’s recitation of the facts underlying the crime to which he pleaded guilty does not cast significant doubt on his guilt based on a theory of accessorial liability (see Penal Law § 20.00) or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Bethel, 69 AD3d 1126, 1127 [2010]; People v Fiske, 68 AD3d 1149, 1150 [2009], lv denied 14 NY3d 800 [2010]). Therefore, the judgment must be affirmed.
Mercure, J.P, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.