■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUZANNE F. ALJERARI, Appellant. [971 NYS2d 375]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 17, 2012, convicting defendant upon her plea of guilty of the crime of attempted robbery in the second degree (two counts).

Defendant was charged in an indictment with robbery in the second degree after she forcibly stole a purse from an elderly woman walking on the street and knocked her to the ground. Shortly thereafter, she was charged in a superior court information with robbery in the second degree following a similar incident in which an employee of a nail salon operated by defendant's mother attempted to prevent defendant from stealing a purse and was also knocked to the ground. In satisfaction of these charges, defendant pleaded guilty to two counts of attempted robbery in the second degree. Under the terms of the plea agreement, defendant was to be placed on interim probation during which time she would participate in a drug treatment program and, if successful, she would then be sentenced to five years of probation. If she did not successfully complete the term of interim probation due to her noncompliance with the drug treatment program, she would be sentenced to up to 14 years in prison. County Court released defendant on her own recognizance pending sentencing during which time she was to reside at Addictions Crisis Center, a holding facility, until she could be placed in a drug treatment program. Defendant, however, checked herself out of the holding facility before being placed in a drug treatment program. Prior to sentencing, County

Court offered defendant one last opportunity to participate in a drug treatment program to avoid prison, but indicated that if she failed to complete the program for any reason, she could be sentenced to 14 years in prison. In the alternative, the court indicated that if defendant did not wish to avail herself of the drug treatment program and elected to be sentenced immediately, the sentence would be much less than 14 years. After defendant declined the option to participate in the drug treatment program, County Court sentenced her to two consecutive prison terms of two years, to be followed by three years of post-release supervision. Defendant appeals.

Defendant's sole argument is that her sentence is harsh and excessive. However, defendant received the minimum term of imprisonment for the crime to which she pleaded guilty (*see* Penal Law § 70.02 [3] [c]) and we cannot further reduce the sentence in this regard. We note that while County Court undertook extensive efforts to incorporate drug rehabilitation as an alternative to sentencing defendant to time in prison, this was to no avail given defendant's unwillingness to address her drug addiction. Accordingly, we affirm the judgment of conviction.

Peters, P.J., Lahtinen, McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.