Lahtinen, J.
Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered March 2, 2011, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, burglary in the third degree (19 counts), grand larceny in the third degree and petit larceny.
Defendant was caught stealing copper pipes from a business in Columbia County and, after his arrest, acknowledged that he had stolen copper and other items from numerous locations in the County on various dates. He subsequently pleaded guilty to burglary in the second degree, 19 counts of burglary in the third degree, grand larceny in the third degree and petit larceny. County Court sentenced defendant, as a second felony offender, to an aggregate term of I8V2 years in prison together with five years of postrelease supervision. Defendant appeals.
We find no merit in defendant’s contention that the statutory requirements of a valid arraignment were not met and, thus, that County Court failed to gain personal jurisdiction over him. He was present at the arraignment and represented by counsel. His counsel acknowledged receipt of the indictment and its attachments, entered a plea of not guilty and waived a reading of the indictment. The statutory requirements were satisfied (see CPL 210.15; People v Steed, 17 AD3d 928, 929 [2005], lv denied 5 NY3d 770 [2005]; People v Buckner, 274 AD2d 832, 833 [2000], lv denied 95 NY2d 904 [2000]).
Defendant’s right to contest the indictment as multiplicitous was forfeited by his plea of guilty (see People v Nelson, 266 AD2d 730, 731 [1999], lv denied 94 NY2d 865 [1999]). In any event, the argument is unpersuasive in that the indictment, together with the attachments thereto, established that the counts at issue were based on separate acts.
The plea allocution as to burglary in the second degree did not negate an essential element of that crime. Although a 91-year-old woman was sleeping in the building, defendant claimed that he did not think anybody was in there when he entered. The fact that he did not know that the building was occupied does not affect the status of the building as a dwelling within the meaning of the statute (see Penal Law §§ 140.00 [3]; 140.25 [2]; People v Henry, 64 AD3d 804, 805 [2009], lv denied 13 NY3d *1065 860 [2009]). Nor was it necessary to establish that he knew at the time that he entered the building that it was a dwelling (see Penal Law § 140.25 [2]; see also CJI2d[NY] Penal Law § 140.25 [2] — Dwelling n 14). When asked during the allocution whether somebody was living there, defendant responded, “I believe so,” and he repeatedly acknowledged that the building was a residence. His current contention that he did not learn until after committing the crime that the building was a dwelling does not negate an essential element of the crime.
Review of the record reveals that defendant received meaningful representation and thus his ineffective assistance of counsel argument must fail (see People v Leszczynski, 96 AD3d 1162, 1162-1163 [2012], lv denied 19 NY3d 998 [2012]; People v Chaney, 72 AD3d 1194, 1195 [2010]). In light of defendant’s extensive criminal history and the fact that County Court imposed the sentences for many of the crimes to run concurrently when they could have been made consecutive, we find neither an abuse of discretion nor extraordinary circumstances meriting a modification of the sentence (see People v Boula, 106 AD3d 1371, 1374 [2013], lv denied 21 NY3d 1040 [2013]; People v Kendall, 91 AD3d 1191, 1193 [2012]). The remaining arguments have been considered and are without merit.
Peters, PJ., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.