*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    105738
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

ALLAN P. O'BRIEN,
                        Appellant.
_____

Calendar Date:  September 16, 2014

Before:  Peters, P.J., Stein, Rose, Lynch and Clark, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered March 5, 2013, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree.

        Defendant pleaded guilty to an indictment charging him with criminal sale of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree, with County Court making no sentencing commitment.  He was accepted into the drug treatment court program in August 2012 and, as such, was placed on interim probation supervision. Defendant was sanctioned for failing to comply with the provisions of the treatment contract, and further violated the terms of his interim probation on two occasions.  The second of those probation violations, in January 2013, arose when he

absconded from the halfway house where he was residing and failed to report to his probation officer. County Court thereafter sentenced defendant, a second felony offender, to an aggregate prison term of five years, to be followed by postrelease supervision of two years.

Defendant now appeals, arguing that his sentence was harsh and excessive. Based upon our review of the record, we disagree. Considering defendant's prior criminal history and poor conduct while on interim probation, as well as the fact that he could have received a much more substantial prison term, "we find no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice" (People v Miller, 113 AD3d 935, 935-936 [2014], lv denied 22 NY3d 1201 [2014]; see People v Aljerari, 109 AD3d 1049, 1050 [2013], lv denied 22 NY3d 1038 [2013]).

Peters, P.J., Stein, Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court