◼ The People of the State of New York, Respondent, v Richard L. Manford, Appellant. [999 NYS2d 773]—

Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 25, 2012, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

In satisfaction of a four-count indictment, defendant entered a guilty plea to attempted robbery in the second degree and waived his right to appeal. He was sentenced, as agreed, to a prison term of 15 years to life as an admitted persistent violent felony offender. Defendant appeals, and we affirm.

Defendant's sole contention is that County Court failed to follow the proper procedures in sentencing him as a persistent violent felony offender pursuant to CPL 400.16 (2) (*see* CPL 400.15 [2]-[8]). At sentencing, defendant was afforded a sufficient opportunity to review and controvert the allegations in the persistent violent felony offender statement and to accept the court's offer of an adjournment to further review the statement (*see* CPL 400.15 [4], [6]). Defendant declined the court's

offer of more time to talk to his attorney and does not challenge the validity of the prior convictions on this appeal. Given his failure to timely controvert the allegations in the statement or to challenge the predicate convictions or the procedures followed, his arguments are not preserved for our review (*see People v Leszczynski*, 96 AD3d 1162, 1164 [2012], *lv denied* 19 NY3d 998 [2012]; *People v Meckwood*, 86 AD3d 865, 867 [2011], *affd* 20 NY3d 69 [2012]). To the extent that defendant contends that the sentence as a persistent violent felony offender was illegal, a claim that need not be preserved (*see People v Nieves*, 2 NY3d 310, 315-316 [2004]), our review of the record reveals no illegality as there was substantial compliance with CPL 400.15 and 400.16 (*see People v Leszczynski*, 96 AD3d 1162, 1164 [2012], *lv denied* 19 NY3d 998 [2012]). Any failure to specifically inquire if defendant wished to controvert the allegations in the statement was, in this context, harmless error (*see People v Califano*, 84 AD3d 1504, 1507 [2011], *lv denied* 17 NY3d 805 [2011]; *People v Saddlemire*, 50 AD3d 1317, 1317 [2008]).

Peters, P.J., McCarthy and Lynch, JJ., concur. Ordered that the judgment is affirmed.