Pritzker, J.
 

 Appeal from a judgment of the Supreme Court (McGrath, J.), rendered January 17, 2014 in Rensselaer County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
 

 When this case was previously before this Court, we rejected counsel’s Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (132 AD3d 1159 [2015]). New counsel has submitted a brief challenging the validity of defendant’s waiver of the right to appeal as well as his status as a second felony offender.
 

 Initially, the People concede, and our review of the record confirms, that the waiver of the right to appeal is invalid. The record reflects that County Court did not explain to defendant “that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty” (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Meddaugh, 150 AD3d 1545, 1546 [2017]). Furthermore, although defendant executed a written appeal waiver at the time of sentencing, the court did not “elicit from defendant that he understood, read or was advised of the nature of [the] appeal waiver [ ]” (People v Rock, 151 AD3d 1383, 1384 [2017]). As such, the appeal waiver does not preclude defendant’s challenge to the sentence.
 

 Defendant pleaded guilty to criminal possession of a weapon in the second degree and, pursuant to the terms of the plea agreement, was sentenced as a second violent felony offender to a prison term of seven years, followed by five years of post-release supervision. At sentencing, defense counsel was provided with a predicate violent felony offender statement with regard to a February 25, 2003 conviction of attempted robbery in the second degree. Defendant contends that, because the predicate violent felony offender statement did not satisfy the requirements set forth in CPL 400.15 inasmuch as it did not set forth the place where the conviction occurred or whether there was a tolling of the 10-year period due to incarceration, he was improperly sentenced as a second felony offender. Although the location of that conviction was not reflected on the statement, County Court verified that it occurred in Kings County. Thereafter, defendant declined to deny or controvert the facts as contained in the predicate violent felony offender statement. Furthermore, defendant does not challenge the validity of the prior conviction or the procedures followed. As such, we find his challenge to the use of the predicate violent felony offender statement to sentence him as a second violent felony offender to be unpreserved (see People v Smith, 73 NY2d 961, 962-963 [1989]; People v Manford, 125 AD3d 1047, 1047-1048 [2015]; People v Leszczynski, 96 AD3d 1162, 1163-1164 [2012], lv denied 19 NY3d 998 [2012]). Furthermore, to the extent that defendant asserts that the incomplete predicate felony offender statement renders his plea involuntary, that issue is also unpreserved absent an appropriate postallocution motion (see People v Mills, 146 AD3d 1173, 1174 [2017]).
 

 McCarthy, J.P., Lynch, Rose and Clark, JJ., concur.
 

 Ordered that the judgment is affirmed.