People v Lane (2018 NY Slip Op 01679)





People v Lane


2018 NY Slip Op 01679


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

108613

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
REX LANE, Appellant.

Calendar Date: January 23, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


G. Scott Walling, Slingerlands, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered July 24, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree.
In satisfaction of a multicount indictment, defendant pleaded guilty to criminal sale of a controlled substance in the fourth degree and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to five years in prison and three years of postrelease supervision. Defendant now appeals.
Defendant's sole claim is that the sentence is harsh and excessive. As a preliminary matter, the People concede and we agree that defendant's waiver of the right to appeal is invalid inasmuch as County Court did not advise defendant that his appeal rights were separate and distinct from the rights automatically forfeited by his guilty plea (see People v Metayeo, 155 AD3d 1239, 1240 [2017]; People v Roshia, 133 AD3d 1029, 1030 [2015], affd 28 NY3d 989 [2016]). Although defendant is not precluded by the waiver from challenging the severity of the sentence, we find his claim to be without merit. Defendant has a lengthy criminal record and was on probation at the time that he committed the crime to which he pleaded guilty. Moreover, he consented to the sentence as part of the plea agreement and could have received substantially more prison time if convicted after trial of the charges contained in the indictment. In view of the foregoing, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v O'Brien, 122 AD3d 957, 958 [*2][2014]; People v Patterson, 119 AD3d 1157, 1158-1159 [2014], lvs denied 24 NY3d 1042, 1046 [2014]).
Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the judgment is affirmed.