People v Jones (2018 NY Slip Op 01683)





People v Jones


2018 NY Slip Op 01683


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

109004

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NICHOLAS D. JONES, Appellant.

Calendar Date: January 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered October 26, 2016, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
In full satisfaction of a five-count indictment charging, among other crimes, murder in the second degree, defendant agreed to plead guilty to one count of manslaughter in the first degree in exchange for a prison term of 25 years followed by five years of postrelease supervision. The indictment stemmed from an incident that occurred in March 2016, wherein defendant shook his barely three-week-old daughter in a manner that ultimately resulted in her death. Following defendant's plea, which also required him to waive his right to appeal, County Court sentenced defendant as a second felony offender to the promised prison
term. This appeal by defendant followed.
We affirm. Although defendant signed a written waiver in open court, we agree that the brief inquiry conducted by County Court relative to defendant's understanding of the waiver and/or its ramifications was insufficient to establish that defendant appreciated the consequences of the appeal waiver (see e.g. People v Davis, 136 AD3d 1220, 1221 [2016], lv denied 27 NY3d 1068 [2016]). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Metayeo, 155 AD3d 1239, 1240 [2017]). That said, upon reviewing the record as a whole, and taking into consideration the manner in which defendant brought about the death of his infant daughter, we discern no basis upon which to disturb the agreed-upon sentence imposed. Despite defendant's expressed remorse, given the violent nature of his crime against a helpless child, we find no abuse of discretion or extraordinary circumstances warranting a [*2]modification of the sentence (see People v Evans, 156 AD3d 1246, 1247 [2017]).
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.