People v Widger (2018 NY Slip Op 02838)





People v Widger


2018 NY Slip Op 02838


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

108089

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EDWARD A. WIDGER, Appellant.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered September 4, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with burglary in the third degree. The People initially proposed that defendant plead guilty to the charged crime and waive his right to appeal in exchange for a prison term of 2 to 4 years. When defendant appeared for the plea colloquy, however, it was discovered that the proposed prison term was not a legal sentence for a first felony offender, and the People amended their offer to encompass a prison term of 2 to 6 years. After County Court
apprised defendant of his maximum potential sentencing exposure, defense counsel requested and was granted an opportunity to confer with defendant's mother, who was present in the courtroom. Following that conversation, defendant expressed his desire to go forward, waived his right to appeal and, after assuring the court that he had been afforded sufficient time to confer with his mother and defense counsel, pleaded guilty to burglary in the third degree under the theory of acting in concert with his codefendants. County Court thereafter sentenced defendant to the agreed-upon prison term of 2 to 6 years. Defendant now appeals.
We affirm. Although defendant's challenge to the voluntariness of his plea survives his uncontested waiver of the right to appeal, it is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Jones, 146 AD3d 1078, 1080 [2017], lv denied [*2]29 NY3d 999 [2017]; People v Walker, 135 AD3d 1244, 1244-1245 [2016]). Defendant's related claim — that the plea was factually deficient — "is precluded by the . . . appeal waiver and, further, is similarly unpreserved" (People v Smith, 155 AD3d 1244, 1245 [2017]; see People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018]). Contrary to defendant's assertion, "the exception to the preservation rule is inapplicable inasmuch as defendant's recitation of the facts underlying the crime to which he pleaded guilty does not cast significant doubt on his guilt based on a theory of accessorial liability or call into question the voluntariness of his plea" (People v Frank, 100 AD3d 1145, 1146 [2012] [internal citation omitted]). Notably, "there is no legal distinction between liability as a principal and criminal culpability as an accessory," and defendant, by his own admission, readily acknowledged that he intended to participate in the burglary with his codefendants and that his role was to act as a lookout (People v King, 114 AD2d 424, 424 [1985]). Finally, the record plainly reflects that defendant was apprised — prior to pleading guilty — that the term of imprisonment initially contemplated (2 to 4 years) could not be honored because it constituted an illegal sentence; defendant was made aware of the corrected term of imprisonment that he would be facing (2 to 6 years), and counsel's request for an opportunity to discuss this development with defendant's mother was granted. Under these circumstances, we are satisfied that defendant "received the full benefit of his bargain" (People v Klein, 26 AD3d 530, 531 [2006], lv denied 6 NY3d 849 [2006]). Defendant's remaining arguments have been examined and found to be lacking in merit.
McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.