■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR E. HULL, Appellant. [859 NYS2d 508]—

Stein, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 27, 2007, convicting defendant upon his plea of guilty of the crimes of possessing a sexual performance by a child and promoting a sexual performance by a child.

In August 2006, defendant was indicted for 33 counts of possessing a sexual performance by a child, 33 counts of promoting a sexual performance by a child and four counts of endangering the welfare by a child. Defendant pleaded guilty to one count of possessing a sexual performance by a child and one count of promoting a sexual performance by a child in full satisfaction of the 70-count indictment. In accordance with defendant's negoti-

ated plea, County Court sentenced him to six months in jail and 10 years of postrelease supervision. The court also entered a no-contact order of protection involving four children, two of whom were defendant's biological children, for a period of five years. Defendant now appeals.

While "a failure of counsel to assert a meritorious statutory speedy trial claim is, by itself, a sufficiently egregious error to render a defendant's representation ineffective" (*People v St. Louis*, 41 AD3d 897, 898 [2007]), the record before us is insufficient to determine the merit of defendant's contention in this regard. Specifically, the People allege that defendant waived his speedy trial rights by written waiver on May 24, 2006. However, the alleged written waiver is not in the record before us. Where, as here, there has been no motion to the trial court to withdraw the plea, this issue would be best addressed by way of a CPL article 440 motion to the trial court and not on direct appeal (*see People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]).

Defendant failed to preserve any issues with regard to his plea allocution by failing to make a motion to withdraw the plea or vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Reid*, 21 AD3d 1215, 1216 [2005]). The exception to the preservation rule carved out by the Court of Appeals (*see People v Lopez*, 71 NY2d at 666) is not applicable here. The record amply demonstrates that County Court fully explored defendant's allocution with regard to his mental culpability for knowingly downloading the pedophilia video, that all of the elements of promoting a sexual performance by a child were established and that defendant's recitation of the facts underlying the crime pleaded did not "cast[ ] significant doubt upon the defendant's guilt or otherwise call[ ] into question the voluntariness of the plea" (*id.*).

However, under the circumstances here, we find that the order of protection issued by County Court with respect to defendant's biological children was overly broad. We recognize that the issuance of an order of protection "incident to a criminal proceeding is an ameliorative measure intended to safeguard the rights of victims and witnesses both prior to and after conviction—it is not part of the sentence imposed" (*People v Nieves*, 2 NY3d 310, 316 [2004]). Moreover, County Court may issue a protective order pursuant to CPL 530.13 (4) independent of a plea agreement (*see People v Dixon*, 16 AD3d 517, 517 [2005]; *People v Warren*, 280 AD2d 75, 77 [2001]; *People v Roman*, 243 AD2d 831 [1997]; *People v Ela*, 226 AD2d 474 [1996], *lv denied* 88 NY2d 935 [1996]; *see generally People v Nieves*, 2

NY3d at 316). Thus, where as here, the agreed-upon sentence was adhered to, defendant's argument that he should have been given an opportunity to withdraw his plea is without merit.

Nevertheless, the crimes of which defendant was convicted involved the downloading of pornographic videos of children. They did not directly involve defendant's children, who were ages 15 and 16. The order of protection, as it pertained to defendant's children, was imposed sua sponte by County Court, was not requested by the People and was not part of defendant's negotiated plea. Under these circumstances, in the interest of justice, we find it appropriate to modify the order of protection as it pertains to each of defendant's children so that it expires on their respective 18th birthdays.*

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as set the expiration date of the no-contact order of protection beyond the date(s) on which defendant's children reach the age of 18; the expiration date of said order, as it pertains to defendant's children, is set at the respective 18th birthday of each of said children; and, as so modified, affirmed.

---

* We note that defendant is not prevented from making further application(s) to the appropriate court(s) to otherwise modify the terms of said order of protection.