■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW B. LEWIS, Appellant. [894 NYS2d 549]—

---

Kavanagh, J.

In December 2007, defendant pleaded guilty to grand larceny in the fourth degree and was sentenced to a period of probation not to exceed one year. Subsequently, defendant was arrested and charged with violating the terms of his probation after being arrested for an incident in which he forced his way into his wife's car with a crowbar, pulled her out of the vehicle, dragged her into the house, forcibly removed her clothes and pushed her into the shower.[1] He was also alleged to have violated the terms of his probation for failing to report as required to his probation officer and for not making restitution to the victim of his grand larceny. After pleading guilty to these violations, defendant was sentenced to weekends in jail for a three-month period, his period of probation was extended to five years and an order of protection was issued barring him from having any contact with his wife. Defendant's probationary sentence also required him to attend and successfully complete a program focusing on anger management.

Three months later, defendant was again arrested and this time charged with criminal contempt in the second degree for having contact with his wife in violation of the order of protection.[2] He was also charged with violating probation by failing to successfully complete the anger management program as ordered by County Court. After defendant pleaded guilty to violating his probation and waived his right to appeal, he was sentenced to three years in prison and an order of protection was again imposed, which barred him from having any contact with his wife and required him to stay away from the marital residence. Defendant now appeals, arguing that he was denied

---

**1.** As a result of this incident, defendant was charged with unlawful imprisonment and harassment in the second degree; however, the disposition of these charges is not immediately clear from the record.

**2.** Defendant was also arrested and charged with endangering the welfare of a child and other crimes, in regard to an allegation that he had inappropriately touched a 16-year-old child.

the effective assistance of counsel, his plea of guilty to the violation of probation was not knowingly and voluntarily entered and the provision in the order of protection barring him from having any contact with his wife constituted an abuse of the court's discretion. Inasmuch as these claims are either unpreserved or without merit, we now affirm.

Initially, we note that defendant waived his right to appeal and, since he has not claimed that this waiver was invalid, he may not now challenge the sentence imposed by County Court as being harsh or excessive (*see People v Ashley*, 67 AD3d 1199 [2009]; *People v Campbell*, 67 AD3d 1125 [2009]; *People v Hyson*, 56 AD3d 890, 892 [2008], *lv denied* 12 NY3d 758 [2009]). In addition, defendant has not moved to withdraw his plea or vacate the judgment of conviction. As a result, his challenge to the voluntariness of his plea—while it survives the appeal waiver—is not preserved for our review (*see People v Scitz*, 67 AD3d 1251 [2009]; *People v Campbell*, 67 AD3d at 1125; *People v Dixon*, 66 AD3d 1237, 1237-1238 [2009]; *People v Mason*, 66 AD3d 1225, 1227 [2009]). Moreover, nothing occurred during his plea allocution that serves to cast doubt on his guilt or the voluntariness of his decision to admit to violating the terms of his probation so as to come within the exception to the preservation rule (*see People v Talmadge*, 48 AD3d 836, 836 [2008]).

Furthermore, an order of protection is not part of a sentence but, instead, is an " 'ameliorative measure' " that is incidental to it (*People v Hull*, 52 AD3d 962, 963-964 [2008], quoting *People v Nieves*, 2 NY3d 310, 316 [2004]). Therefore, even if defendant, when he pleaded guilty, did not appreciate how restrictive the provisions imposed by County Court in its order of protection would be, such a claim cannot serve as a basis for the withdrawal of his plea (*see People v Rubeo*, 60 AD3d 1206, 1208 [2009]; *People v Hull*, 52 AD3d at 963; *see also* CPL 530.12). In that regard, we note that defendant stated during his plea colloquy that he understood that County Court, prior to imposing sentence, would take under consideration the People's request that an order of protection be issued that included a provision barring him from having any contact with his wife.

In regard to defendant's claim that he did not receive the effective assistance of counsel, this claim is also unpreserved by his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Dixon*, 66 AD3d at 1238; *People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]). In any event, during his colloquy with County Court, defendant acknowledged that he had conferred with counsel before entering his plea and stated that he was satisfied with

his representation. In addition, counsel vigorously argued against the issuance of an order of protection that barred defendant from having contact with his wife and obtained for defendant a favorable plea agreement that included a commitment by County Court to impose less than the maximum sentence. Under the circumstances, even if properly preserved, defendant's claim that he did not receive meaningful representation is not supported by the record (*see People v Thompson*, 4 AD3d 626, 627 [2004], *lv denied* 3 NY3d 649 [2004]).

Finally, we see no basis for modifying any of the terms contained in the order of protection. While we are aware that the wife opposed any order of protection that would bar defendant from having contact with her, the underlying circumstances that led to the issuance of this order and defendant's failure to successfully complete a court-mandated anger management program provided ample justification for County Court's decision to issue the order of protection (*compare People v Hull*, 52 AD3d at 964).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.