■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER L. MILLER, Appellant. [935 NYS2d 230]—

McCarthy, J.

In April 2007, defendant was sentenced to 10 years of probation following his conviction of rape in the third degree. Between January 2008 and May 2009, defendant was charged with and admitted to violating the terms of his probation three times. On each occasion, defendant's term of probation was extended. In May 2010, a fourth violation of probation petition was filed. Defendant admitted to violating the conditions of his probation by failing to report to his probation officer as required, failing to submit to drug testing and failing to cooperate with recommended substance abuse treatment. County Court revoked defendant's probation and sentenced him to a prison term of 1 to 4 years. Defendant now appeals.

We affirm. Defendant's claim that his guilty plea to the viola-

tion petition was not knowingly, intelligently and voluntarily entered is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Cerone*, 75 AD3d 835, 835-836 [2010], *lv denied* 15 NY3d 850 [2010]; *People v Diaz*, 26 AD3d 644, 645 [2006], *lv denied* 7 NY3d 755 [2006]). In any event, County Court advised defendant of the ramifications of pleading guilty and defendant acknowledged his understanding and that he was entering his plea voluntarily. Defendant affirmatively stated that the medications he was taking did not affect his ability to comprehend the proceedings and there is nothing in the record to indicate that his plea was not knowing, intelligent and voluntary (*see People v Gomez*, 72 AD3d 1337, 1338 [2010]; *People v Williamson*, 301 AD2d 860, 861-862 [2003], *lv denied* 100 NY2d 567 [2003]).

Defendant's contention that County Court erred in sentencing him without an updated presentence report is also unpreserved for our review, due to his failure to request an updated report, raise an objection at sentencing or move to vacate the judgment (*see People v Clark*, 80 AD3d 1079, 1079 [2011]; *People v Ruff*, 50 AD3d 1167, 1168 [2008]). Finally, we reject defendant's claim that his sentence was harsh and excessive, given his repeated violations of the terms of probation and the absence of extraordinary circumstances warranting a reduction in the sentence (*see People v DeMarco*, 60 AD3d 1107, 1109 [2009]).

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.