■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HOWES, Appellant. [939 NYS2d 766]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Czajka, J.), rendered August 11, 2010 in Columbia County, convicting defendant upon his plea of guilty of the crime of criminal contempt in the second degree.

Defendant was charged in two misdemeanor complaints with criminal contempt in the second degree and aggravated harassment in the second degree. The charges stemmed from defendant's alleged harassment of the mother of his children (hereinafter the victim), in violation of an order of protection issued by Rensselaer County Family Court in favor of both the victim and the children. After the matter was transferred to the Integrated Domestic Violence part of Supreme Court, defendant pleaded guilty to criminal contempt in the second degree, in full satisfaction of the charges. Pursuant to the plea agreement, defendant was to be given a conditional discharge and an order of protection was to be issued prohibiting defendant from having any contact with the victim for three years. Additionally, an order of protection was to be issued limiting defendant's contact

with his children to supervised visitation. Following defendant's failure to appear for scheduled presentence interviews with the Probation Department, Supreme Court informed defendant that it would not abide by the plea agreement and sentenced defendant to one year in jail. The court also issued an order of protection prohibiting defendant from having any contact with the victim and the children. While defendant was orally advised that the court's order would prohibit contact between defendant and his children until he was released from jail, at which time he could petition Family Court for supervised visitation, the order entered was for a term of three years. Defendant now appeals.

Defendant's sole contention on appeal is that the order of protection issued in favor of the children was harsh. Clearly, "[w]hen a crime has been committed between members of the same family or household, an order of protection may be issued in favor of the victim of such crime and members of the family or household of the victim" (*People v La Motte*, 285 AD2d 814, 816-817 [2001]; *see* CPL 530.12 [5]). Here, the crimes for which defendant was charged involved him sending a threatening text message to the victim, in violation of an existing order of protection. Defendant's conduct did not directly involve the children and there is no evidence in this record justifying a three-year stay away order of protection in their favor. Notably, the People, the victim and the attorney for the children all agreed that supervised visitation was appropriate. Accordingly, the issuance of the order of protection in favor of the children is reversed (*see People v Hull*, 52 AD3d 962, 964 [2008]), and the matter is remitted to Supreme Court for further proceedings regarding visitation.

Rose, Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the facts, by reversing so much thereof as ordered no contact between defendant and the children for three years; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision and, pending said proceedings, defendant's contact with the children shall be supervised by the Department of Social Services of the county in which the children reside; and, as so modified, affirmed.