■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH COGSWELL, Appellant. [942 NYS2d 275]—

Mercure, J.P. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered October 1, 2010, which revoked defendant's probation and imposed a sentence of imprisonment.

In November 2005, defendant pleaded guilty to sexual abuse in the first degree in satisfaction of a four-count indictment and was thereafter sentenced to a 10-year term of probation, the first 180 days of which were to be spent in jail. His conviction and sentence were affirmed on appeal to this Court (*People v Cogswell*, 46 AD3d 1017 [2007]). In August 2008, a declaration of delinquency was filed after defendant failed to attend substance abuse treatment and admitted to using cocaine on multiple occasions. As a result, his probation was continued with the modification that he comply with mental health treatment. Subsequently, a second declaration of delinquency was filed against defendant in July 2010 after he failed to report for probation on several occasions and admitted to again repeatedly using cocaine and drinking alcohol. Defendant pleaded guilty to violating his probation, and County Court sentenced him to five years in prison, to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. The record before us does not contradict the People's assertion that defendant failed to move to withdraw his plea or vacate the judgment of conviction and, therefore, his claim that his guilty plea to the probation violations was not knowingly, intelligently and voluntarily entered is unpreserved for this Court's review (*see People v Miller*, 90 AD3d 1416, 1416-1417 [2011]; *People v Lewis*, 69 AD3d 1232, 1234 [2010]). Moreover, the record demonstrates that defendant stated upon questioning by County Court that he had fully discussed the matter with his attorney, was satisfied with his representation and had not been promised anything in exchange for his plea. In addition, the court advised defendant that, by pleading guilty, he could face a prison term of up to seven years with up to three years of postrelease supervision, and defendant acknowledged that he was pleading guilty with a full understanding of the consequences. Inasmuch as there is nothing in the record to indicate that the guilty plea was not knowing, intelligent and voluntary, the exception to the preservation rule is inapplicable (*see People v Lewis*, 69 AD3d at 1234).

Defendant's contention that he was denied the effective assistance of counsel is also unpreserved by virtue of his claimed failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Campbell*, 89 AD3d 1279, 1279 [2011]; *People v Lewis*, 69 AD3d at 1234). Reversal in the interest of justice is unwarranted; our review demonstrates that defendant indicated on the record that he was satisfied with his representation. Furthermore, counsel, who had represented defendant on his previous violation petition, argued vigorously for le-

niency in light of defendant's addiction problems, and defendant received a sentence less than the maximum. Finally, we reject the claim that the sentence imposed was harsh or excessive and discern no extraordinary circumstances that would warrant a reduction (*see People v Miller*, 90 AD3d at 1417; *People v Cerone*, 75 AD3d 835, 836 [2010], *lv denied* 15 NY3d 850 [2010]). Defendant's remaining argument is not properly before us.

Lahtinen, Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.