Kavanagh, J.
Appeal from a judgment of the County Court of *1191 St. Lawrence County (Richards, J.), rendered February 4, 2011, which revoked defendant’s probation and imposed a sentence of imprisonment.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree in satisfaction of a superior court information and was sentenced to five years of probation and 90 days in jail. While defendant was serving the probation portion of his sentence, a violation of probation petition was filed against him. County Court issued an arrest warrant and, over a year later, defendant was located at the Onondaga County Jail. Defendant ultimately admitted to violating the terms of his probation by failing to report, failing to complete substance abuse counseling and committing a crime while on probation. In conjunction with his admission, the court sentenced defendant to an agreed-upon prison term of three years plus IV2 years of postrelease supervision, to run concurrently to the term he was serving for his conviction in Onondaga County. Defendant now appeals.
Defendant argues that an updated presentence investigation report should have been obtained and asserts that he was denied the effective assistance of counsel. Although defendant’s challenges are not precluded by his appeal waiver entered in connection with the original conviction (see People v Ross, 67 AD3d 1130, 1130 [2009]; People v Rowland, 11 AD3d 825, 825 [2004]), based upon the record before us, it appears that defendant failed to preserve the issues now raised by an appropriate motion to withdraw the plea or vacate the judgment (see People v Henkel, 37 AD3d 873, 873 [2007], lv denied 8 NY3d 985 [2007]; People v Bullis, 23 AD3d 835, 836 [2005], lv denied 6 NY3d 774 [2006]). Nor did defendant make a request for an updated presentence investigation report or raise an objection at sentencing (see People v Miller, 90 AD3d 1416, 1417 [2011], lv denied 18 NY3d 960 [2012]; People v Ruff, 50 AD3d 1167, 1168 [2008]). Finally, as to his claim that his sentence is harsh and excessive, defendant has not cited any extraordinary circumstances or an abuse of County Court’s discretion that would warrant a reduction of the sentence (see People v Miller, 90 AD3d at 1417; People v Peterson, 7 AD3d 882, 882 [2004]).
Mercure, J.E, Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.