McCarthy, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 24, 2011, which revoked defendant’s probation and imposed a sentence of imprisonment.
The background facts of this case are more fully set forth in the companion case involving defendant (People v Secore, 102 AD3d 1059 [2013] [decided herewith]). As is relevant here, defendant was sentenced in 2008 to a five-year term of probation upon his plea of guilty to the crime of grand larceny in the *1058 fourth degree arising from his unauthorized use of a credit card. While on probation, he was charged with additional crimes, including forgery in the second degree. He subsequently pleaded guilty to the forgery charge as well as to violating the conditions of his probation, and waived his right to appeal. In return, he was accepted into the judicial diversion program (see CPL art 216), which required him to participate in an intensive drug and alcohol treatment program in lieu of being sentenced to prison. Defendant, however, did not successfully complete the program, admitted his violations and waived his right to a hearing. As a result, County Court, among other things, revoked his probation and resentenced him as a second felony offender to lVs to 4 years in prison. The court also ordered him to pay restitution in the amount of $1,967.55, plus a 10% collection surcharge of $196.76 for a total of $2,164.31. Defendant now appeals.
Defendant challenges the validity of his plea of guilty to violating the conditions of his probation and County Court’s award of restitution as well as the 10% surcharge. Initially, defendant entered into the same waiver of his right to appeal with respect to the probation violation that he did with respect to the forgery charge. As we note in the companion case, the waiver was not valid because it is not clear from the record that defendant fully understood that such right was separate and distinct from the other rights he was forfeiting by his guilty plea (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Secore, supra). Accordingly, the waiver does not preclude him from raising his claims here.
Nevertheless, inasmuch as the record fails to indicate that defendant moved to vacate the judgment of conviction or withdraw his plea of guilty to the probation violation, he has not preserved his challenge to the voluntariness of his guilty plea (see People v Lewis, 69 AD3d 1232, 1234 [2010]; People v Banks, 305 AD2d 812, 812 [2003], lv denied 100 NY2d 578 [2003]). Moreover, the exception to the preservation requirement is inapplicable insofar as defendant did not make statements that were inconsistent with his guilt or that cast doubt on the voluntariness of his plea (see People v Lewis, 69 AD3d at 1234).
Similarly, defendant’s challenge to the amount of restitution awarded is not preserved for our review due to his failure to request a hearing or otherwise contest the amount of restitution awarded at resentencing (see People v Nickel, 97 AD3d 983, 984 [2012]; People v Planty, 85 AD3d 1317, 1318 [2011], lv denied 17 NY3d 820 [2011]). Significantly, defendant had many opportunities to dispute the amount of restitution in prior *1059 proceedings on the matter but failed to do so. The St. Lawrence County Probation Department submitted an affidavit in accordance with Penal Law § 60.27 (8) supporting the imposition of the 10% collection surcharge to be included in the restitution amount (see People v Boyzuck, 72 AD3d 1530, 1531 [2010]). Given that defendant did not object or otherwise challenge this surcharge, he has failed to preserve this claim as well (see People v Snyder, 38 AD3d 1068, 1069 [2007]).
Mercure, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.