■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARA A. HARE, Appellant. [972 NYS2d 361]—

Spain, J. Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered March 29, 2012, which revoked defendant's probation and imposed a sentence of imprisonment.

In March 2011, defendant pleaded guilty to criminal mischief in the third degree and was sentenced to five years of probation. Subsequently, defendant was charged with violating three conditions of her probation, including leaving the jurisdiction without consent, when it became known that she had relocated to New Jersey. Defendant thereafter pleaded guilty to that specific violation and, although County Court made no commitment as to sentence, she waived her right to appeal during the colloquy and in writing in open court. The court subsequently revoked defendant's probation and resentenced her to 1⅓ to 4 years in prison. Defendant now appeals.

We affirm. Insofar as the record does not demonstrate that defendant moved to withdraw her plea or vacate the judgment of conviction, her claim that her guilty plea was not knowing, intelligent and voluntary is unpreserved for this Court's review (*see People v Cogswell*, 94 AD3d 1236, 1237 [2012], *lv denied* 19 NY3d 958 [2012]; *People v Miller*, 90 AD3d 1416, 1416-1417 [2011], *lv denied* 18 NY3d 960 [2012]). Even were we to address the merits of defendant's contention, the record demonstrates that during her lengthy colloquy with County Court, she acknowledged that she had ample time to confer with counsel about possible defenses and the consequences of her admission and she indicated that she was satisfied with her representation; she was advised that she was giving up her right to a hearing and that the People were required to prove that she had violated her probation. She was also given notice that she could be sentenced to a prison term of up to 1⅓ to 4 years. Moreover, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the proceedings that tended to cast doubt upon her guilt or the voluntariness of her plea (*see People v Secore*, 102 AD3d 1057, 1058 [2013], *lv denied* 21 NY3d 1019 [2013]; *People v Whalen*,

101 AD3d 1167, 1169 [2012], *lv denied* 20 NY3d 1105 [2013]). Finally, given that defendant was advised of the maximum potential sentence that she faced, her contention that her sentence was harsh and excessive is precluded by her valid waiver of appeal, which was fully explained to her on the record and she indicated that she understood (*see People v Hidalgo*, 91 NY2d 733, 736-737 [1998]; *People v Ducheneaux*, 97 AD3d 852, 853 [2012]; *People v Lewis*, 69 AD3d 1232, 1234 [2010]).

Rose, J.P., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.