Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  July 24, 2014                105519
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                               MEMORANDUM AND ORDER

GARY L. McGREGOR,
                        Appellant.
_____


Calendar Date:  June 2, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

                        _____


        John A. Cirando, Syracuse, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.


                        _____


McCarthy, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered September 21, 2012, which revoked
defendant's probation and imposed a sentence of imprisonment.

        In 2009, defendant pleaded guilty to driving while
intoxicated and was sentenced to a five-year term of probation.
In May 2012, a declaration of delinquency was filed and,
following a hearing, defendant's probation was continued to allow
him to participate in a treatment program.  Subsequently, an
amended declaration of delinquency was filed against defendant in
September 2012, and he pleaded guilty to violating his probation
by failing to comply with treatment, consuming alcohol and
operating a motor vehicle.  In exchange for his plea, County
Court sentenced defendant to a prison term of 14 to 42 months and

a three-year conditional discharge requiring him to install an ignition interlock device.  Defendant now appeals.

We affirm.  Defendant's challenge to the voluntariness of his plea is unpreserved for review inasmuch as the record fails to indicate that he moved to withdraw his plea of guilty to the probation violation (see People v Secore, 102 AD3d 1057, 1058 [2013], lv denied 21 NY3d 1019 [2013]; People v Cogswell, 94 AD3d 1236, 1237 [2012], lv denied 19 NY3d 958 [2012]).  Moreover, defendant made no statements during his plea allocution that were inconsistent with his guilt or that cast doubt on the voluntariness of his plea, so the exception to the preservation requirement is not applicable (see People v Secore, 102 AD3d at 1058; People v Lewis, 69 AD3d 1232, 1234 [2010]).

We reject defendant's contention that his sentence was harsh and excessive.  Given his repeated inability to comply with the terms of his probation that afforded him the opportunity to avoid a prison term, we find no abuse of discretion or extraordinary circumstances warranting a modification of his sentence in the interest of justice (see People v Riley, 97 AD3d 982, 983 [2012], lv denied 20 NY3d 935 [2012]; People v Dowling, 92 AD3d 1034, 1035 [2012], lv denied 18 NY3d 993 [2012]).  We have examined defendant's remaining contentions and find them to be without merit.

Stein, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court