■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM P. JOHNSON, Appellant. [3 NYS3d 184]—

Peters, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 15, 2013, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2006, defendant entered a guilty plea to rape in the third degree, admitting that he subjected a 15-year-old girl to sexual intercourse when he was 34 years old, and was sentenced to 180 days in jail with a concurrent 10-year term of probation with conditions. Subsequently, defendant was charged with violating the condition of probation that he not violate any laws based upon two arrests for harassment in August 2011 and January 2013 and a third harassment incident in November 2012. Defendant thereafter pleaded guilty to violating probation related to the 2013 incident, and County Court revoked his probation and resentenced him, as agreed, to 1 to 4 years in prison. Defendant now appeals.

We affirm. Defendant's contention that his admission to violating probation was not knowing, voluntary and intelligent was not raised in a postallocution motion to withdraw his guilty plea and, thus, it is not preserved for our review (*see People v McGregor*, 119 AD3d 1235, 1236 [2014]; *People v Cogswell*, 94 AD3d 1236, 1237 [2012], *lv denied* 19 NY3d 958 [2012]). Moreover, the record reflects that defendant understood and accepted the plea terms and was advised of the rights that he was forgoing, waived a violation hearing indicating that he had sufficient time to discuss the matter with counsel, and thereafter voluntarily admitted to violating his probation (*see People v Hare*, 110 AD3d 1117, 1117 [2013]). Even assuming that one of

defendant's responses to County Court's questions during the plea colloquy cast doubt on his guilt of engaging in harassing behavior so as to implicate the exception to the preservation requirement, as he now argues, we find that the court's further inquiry before accepting defendant's admission ensured that his plea was knowing, voluntary and intelligent (*see People v Lopez*, 71 NY2d 662, 666-667 [1988]; *People v Perez*, 101 AD3d 1162, 1162 [2012]). Finally, given defendant's repeated unwillingness to comply with the terms of his probation and his conduct in harassing young girls and being in the presence of children without supervision when such conduct was prohibited, we find no abuse of discretion or extraordinary circumstances warranting a modification of the agreed-upon sentence in the interest of justice (*see People v Colsten*, 120 AD3d 1508, 1508 [2014]; *People v McGregor*, 119 AD3d at 1236).

Lahtinen, McCarthy and Lynch, JJ., concur. Ordered that the judgment is affirmed.