OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant was convicted of violating Penal Law § 240.26 (1) *265 on July 9, 2014, and was sentenced principally to a conditional discharge. The court also entered a full and final order of protection in favor of the complainant. Defendant now moves to terminate the order of protection, which the People oppose. Neither party has requested a hearing.
This case presents a question to which, surprisingly, no authority currently provides an easy answer: What standard should a court apply in deciding whether to terminate an otherwise legally valid final order of protection when the protected party objects?
For the reasons that follow, this court will only grant such a motion where the defendant demonstrates either: (1) that there is a compelling need for termination that substantially overrides the interest of the protected party in retaining the order; or (2) although the need for termination is less compelling, the protected party is so far out of the defendant’s reach as to render the order of protection unnecessary. Defendant fails to demonstrate either here. Her motion is accordingly denied.
I, Factual Background
A. The Offense and Charges
According to the information, at 1:00 a.m. on March 27, 2014, defendant struck the complainant, her former girlfriend, in the face with a closed fist multiple times. About 30 minutes later, defendant and another individual together struck the complainant in the face with closed fists. As a result, complainant suffered bruising to her neck, collarbone and forehead, cuts and scratches to her face, and swelling to her eyes.*
Defendant was charged with two counts of assault in the third degree (Penal Law § 120.00 [1], [2]), and one count each of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]).
B. The Plea and Sentence
On July 9, 2014, the People offered the defendant a plea to the harassment violation, and she accepted. She pleaded guilty to violating Penal Law § 240.26 (1) and was sentenced to a conditional discharge. The conditions were that the defendant: (1) complete a long anger management program; (2) abide by a *266 full and final order of protection naming the complainant as the protected party; and (3) pay a $120 surcharge. Upon sentencing the defendant, the court entered the final order of protection.
By October 11, 2014, defendant had completed the anger management program and paid the surcharge. The final order of protection expires on July 8, 2016.
C. The Motion to Vacate
On September 3, 2015, defendant filed a motion to vacate the final order of protection. She asserts, through counsel, that the existence of the final order of protection is inhibiting her ability to obtain employment. Specifically, she asserts that she applied for a job as a New York City correction officer—she currently works in retail—and “scored well” on the examination. (Pokart aff ¶ 6.) However, defendant recently learned that “it is the policy of the New York City Department of Correction not to offer a position to anyone with an open order of protection against her.” (Id.) Defendant also asserts that she has abided by the order of protection, has not been rearrested, and has had no further contact with the complainant. (Id. ¶ 5.)
Claiming that it “would seem unfortunate and misguided for the order of this court to delay and perhaps debar [defendant] from serving this city as a correction officer,” defendant argues that the order of protection “is no longer necessary” and should be vacated. (Id. ¶ 6.)
The People, in opposing the motion, cite first the extreme violence of the incident. (Dameron aff ¶ 3.) In addition, the complainant “remains very fearful of this defendant,” particularly since she and defendant have “an overlapping circle of friends, and the defendant likely remains aware of the complainant’s whereabouts.” (Id. ¶ 6.) Finally, the People recently spoke with the complainant, who said that “she adamantly wishes that the order of protection remain in effect.” (Id.)
II. Discussion
Although precedent in this area is scant, the court has concluded that, while it has the authority to terminate the final order of protection, it would be an abuse of discretion to do so on the facts here. The protected party opposes termination because she is still afraid of the defendant, and the reason defendant cites for termination is insufficiently compelling.
*267 A. The Court’s Authority
Preliminarily, the court notes that identifying any source of authority for it to terminate a final order of protection is an elusive task. The authority to enter a final order of protection is clear: it derives from CPL 530.12 (5), which permits a court to “enter an order of protection” upon sentencing for any family offense. It also sets out the maximum duration, section 530.12 (5) (A)-(C), and the permissible terms, section 530.12 (5) (a)-(e), of such an order.
There is no specific provision in section 530.12 (5) authorizing the termination of an order of protection. By contrast, Family Court Act § 844 expressly authorizes reconsideration or modification of an order of protection entered in family court “[f]or good cause shown.” This has led one court to question whether the legislature intended that family court be the only forum for this type of relief, perhaps because the legislature believed that family court “is better equipped to monitor and adjust such orders in family offense situations.” (People v Garris, 159 Misc 2d 586 [Nassau Dist Ct 1993].)
This court, however, thinks that, if one looks at the statute closely, one can find a source of this authority within section 530.12. First, section 530.12 (6) prescribes that any order of protection should notify the defendant that it “can only be modified or terminated by the court.” Moreover, section 530.12 (15) requires that any “motion to vacate or modify” such an order shall be made “on notice to the non-moving party.” These provisions together convince the court that the legislature did in fact contemplate that any court authorized to issue an order of protection, not only family court, has the authority to modify or terminate it.
Identifying the standard that a court should apply in considering such a motion, however, is an even greater challenge, as the statute is completely silent on this important question.
B. In Every Case Where Termination or Modification was Granted, the Complainant Supported this Relief
There are a very few cases where a motion to terminate or modify has been granted, and in each the court has rendered a decision based on the facts presented, without discussing the specific standard the court was utilizing. Each of the cases also has a singular feature in common: the complainant supported the relief requested.
First is People v Faieta (109 Misc 2d 841 [Nassau Dist Ct 1981]). There, the court considered a motion to vacate or modify *268 a temporary order of protection, entered when defendant was arraigned on an information alleging that he had assaulted his wife. (Id. ) Defendant was suffering from multiple sclerosis—he used a cane for balance and ambulation—and the house that he shared with his wife was specially equipped with handrails to accommodate his illness. The order required him to vacate that house. After a hearing, the court agreed to modify the temporary order of protection to the extent that it permitted him to live in the home. (Id.) The ruling turned on two factors. First, the special facilities necessary to address the defendant’s physical incapacity would not be available elsewhere and, second, at the hearing, the complainant indicated that she was planning to live elsewhere, although she wished to remain in contact with her husband. (Id.)
In People v Palmer (9 Misc 3d 1117[A], 2005 NY Slip Op 51625 [U] [Tuckahoe Just Ct 2005]), the court agreed to modify a final order of protection, reducing it from a full order to a limited order, where, after a hearing, the protected party indicated that neither she nor her daughter, also named in the order, feared harm from the defendant because he had completed an anger management program. Defendant testified that he was “confident” that he would “be able to get along with the” protected party and “promised” not to harm her daughter (2005 NY Slip Op 51625 [U], *2). The court found that “changed circumstances” indicated that there was no “significant risk of harm” (id.). Citing this, and the court’s “reluctan[ce] to compel two adults to stay apart when both wish[ed] to resume their former relationship” (id.), the court allowed them to do so.
There is also one case where a court denied termination or modification. In People v Bohlman (30 Misc 3d 313 [Nassau Dist Ct 2010]), the defendant moved to vacate a final order of protection entered in favor of his former girlfriend. His motion included an affidavit from the former girlfriend asserting that she did not want an order of protection and was not afraid of the defendant. Nevertheless, the court, citing the history of violence between the parties and the protected party’s numerous prior efforts to obtain orders of protection against the defendant, declined to vacate it. (Id.)
A few conclusions can be derived from these cases. First, there appears to be some basis for considering such a motion more favorably where the order is a temporary order, as opposed to a final order, since defendant’s guilt has not been *269 established at the time a temporary order is entered. (See Faieta, 109 Misc 2d at 844-845 [need for order of protection “certainly appeared to be appropriate” at defendant’s arraignment, although allegation had not yet been “proved during the course of the trial”].)
The next is that, to grant relief, the court needs to be firmly convinced that the defendant does not pose a danger to the protected party. In Faieta, the court was satisfied as to this by the combination of defendant’s physical disability and the complainant’s plan to move out of the house. (Id.) Similarly, in Palmer, after a hearing, the court credited both the defendant’s promise that he would not harm the protected party or her daughter and the protected party’s assurance that neither she nor the daughter was afraid of him. (2005 NY Slip Op 51625[U], *2.) Nevertheless, in both of these cases, even with the protected party’s support, the court did not terminate the order—it only modified it from a full order to a limited order.
By contrast, in Bohlman, the court refused to terminate the order, and did not credit the protected party’s assertion that she was not afraid of the defendant. That court attributed this claim to the “honeymoon phase” of the “cycle of violence,” during which the “abuser acts with contrition, begs for forgiveness and makes declarations of love,” while “the victim is seduced into believing that the abuse will cease and that the family will remain intact.” (30 Misc 3d at 318.)
C. The Standard this Court Will Apply Where the Protected Party Opposes Termination
Guided by the above precedent, it will be the rare case indeed where this court will terminate a final order of protection against the complainant’s wishes. The court first notes the important purposes that orders of protection serve:
“they help protect the named persons from physical harm, and also give those persons some sense of security or repose. They can rest at least somewhat easier knowing that there is a lawful mandate from a court ordering the person who has harmed them to leave them alone, on pain of arrest and prosecution for criminal contempt.” (People v Ellis, 45 Misc 3d 716, 720 [Crim Ct, NY County 2014].)
Given this, in order to persuade this court that a valid final order of protection should be terminated against the wishes of the protected party, a defendant will have to demonstrate a compelling need for termination that substantially overrides the interest of the protected party in retaining the order.
*270 Alternatively, this court might be open to termination based on a less compelling need, if the record conclusively establishes that the protected party is so far out of the defendant’s reach as to render the order of protection unnecessary to protect her safety. Some examples of this might include situations where the protected party is incarcerated a great distance away for a period that exceeds the duration of the order of protection or is in the military and stationed abroad.
D. Defendant Has Failed to Meet the High Burden Necessary for Termination of the Order
Defendant’s motion fails to assert grounds that this court can accept as a basis for terminating the final order of protection against the protected party’s wishes. The particular need that the defendant asserts, to obtain better employment, does not come close to overriding the need to protect the complainant’s personal safety and her right to be free from fear. In fact, the need the defendant cites is even less compelling than that described in Faieta, where the effect of the order was to banish the defendant from a home that was uniquely equipped to accommodate his disability. And even there, the court did not terminate the order of protection, it merely limited it, thereby retaining some measure of control over the defendant’s behavior and some, albeit reduced, level of security for the protected party. (109 Misc 2d at 841.)
This is also not a case where the defendant’s less-than-compelling need for termination can be overlooked because the protected party is safely outside of her reach. While that was also true to some degree in Faieta, in that the complainant was planning to move out of the home they had shared and the defendant’s mobility was limited (id.), it is not at all true here. In fact, the contrary is true. The People have asserted—without contradiction—that the defendant and the protected party have friends in common and are likely to cross paths.
E. Conclusion
Since defendant has failed to establish a compelling basis for termination of the final order of protection, her motion to terminate is denied.
IV. Conclusion
Defendant’s motion to terminate the final order of protection entered in this case is denied.

 In her motion papers, defendant characterizes this episode as a “fight inside and outside a bar” involving the defendant, the complainant, and the defendant’s current girlfriend. (Pokart aff ¶ 6.)