OPINION OF THE COURT
Gary C. Hobbs, J.
On or about July 21, 2015, the defendant entered into a plea bargain agreement with the Warren County District Attorney’s Office, whereby the defendant entered a plea of guilty to the offense of criminal mischief in the fourth degree (Penal Law § 145.00 [1]) in satisfaction of the pending charges of criminal mischief in the fourth degree. Pursuant to this plea agreement, the defendant agreed to a sentence of a one-year conditional discharge, and the defendant agreed, among other things, to comply with a three-year full no-contact order of protection in favor of the victim. At the time of the defendant’s plea and sentence, the defendant was represented by counsel. The order of protection was executed, in open court, by the defendant on July 21, 2015, and the order of protection continues until July 21, 2018.
The defendant now moves for an order of this court modifying the permanent order of protection to grant a so-called limited order of protection. The People do not oppose the defendant’s motion, except to the extent that the People request that the full no-contact order of protection remain in full force and effect at the victim’s home, because all of the past incidents of violence occurred at this home. The defendant objects to continuing the no-contact order of protection at the victim’s home.
By a letter from the victim, dated July 28, 2016, the victim requests that the order of protection be terminated, without any exception. Here, the victim indicates that the defendant has expressed remorse for his prior criminal conduct and he has actively attended his mental health and substance abuse treatment. The victim further indicates that he is not afraid of the defendant. The defendant’s application is also supported by the recent reports and records from Baywood Outpatient Clinic.
*793 An order of protection can be issued sua sponte by the court at sentencing or may be required as a term of the negotiated plea bargain offer. (People v Wilson, 115 AD3d 1229 [4th Dept 2014], lv denied 23 NY3d 969 [2014]; People v Warren, 280 AD2d 75, 76 [3d Dept 2001] [affirming the defendant’s plea and sentence, pursuant to a negotiated plea bargain, which required a full no-contact order of protection, even though it deprived the defendant of the ability to see his family]; People v Roman, 243 AD2d 831 [3d Dept 1997]; Muldoon, Handling a Criminal Case in New York § 22:235 [2016].)
It is well settled that where the order of protection was imposed sua sponte by the court at the defendant’s sentencing, and was not requested by the People nor made part of the negotiated plea, then the court may modify the order in the interest of justice. (People v Bohlman, 30 Misc 3d 313, 316 [Nassau Dist Ct 2010], citing People v Hull, 52 AD3d 962, 963 [3d Dept 2008].) In People v Hull, the Court granted the defendant’s request for a modification of the post-sentence order of protection. In Hull, the Court reasoned that since the order of protection was imposed sua sponte, and was not requested by the People and was not part of the negotiated plea, then the Court retained the jurisdiction to modify the order in the interest of justice. (Hull, 52 AD3d at 963-964.)
In the present case, however, the order of protection was part of the negotiated and agreed upon plea bargain. The issue, therefore, is whether the People’s consent is required to amend an order of protection where the full no-contact protective order was a negotiated term of the plea bargain. The defendant asserts that, even though the order of protection was part of an agreed upon negotiated plea bargain, this court still retains the authority to amend or modify the order of protection. Here, defense counsel relies on People v Zacher (31 Misc 3d 1218[A], 2011 NY Slip Op 50721[U] [Sup Ct, Monroe County 2011]).
Generally, courts are without authority to modify the terms and conditions of a sentence that was based on a valid negotiated plea bargain. (See People v Sean D., 11 Misc 3d 1055[A], 2006 NY Slip Op 50212[U] [Nassau County Ct 2006] [Despite the fact that the court was impressed by the defendant’s rehabilitation efforts, the court lacked the authority to alter the defendant’s plea bargained sentence]; People v Singletary, 7 Misc 3d 1004[A], 2005 NY Slip Op 50441[U], *10 [Sup Ct, NY County 2005], citing People v Farrar, 52 NY2d 302, 307 *794 [1981] [Prosecutorial consent is required when a court modifies a sentence to which the parties have previously agreed as part of a plea bargain].)
Thus, “where [a] defendant effects a plea bargain and receives the precise sentence that was promised, he should not. later be heard to complain, that he received what he bargained for.” (People v Hudson, 44 Misc 3d 134[A], 2014 NY Slip Op 51159[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014], quoting People v Fair, 33 AD3d 558, 558 [1st Dept 2006].)
However, with respect to orders of protection issued at the defendant’s sentence, CPL 410.20 (1) provides that a sentencing court “may modify or enlarge the conditions of a sentence of probation ... at any time prior to the expiration or termination of the period of the sentence.” (See also People v Franco, 69 AD3d 981, 982 [3d Dept 2010].)
In People v Zacher (31 Misc 3d 1218[A], 2011 NY Slip Op 50721[U] [Sup Ct, Monroe County 2011]), the defendant was sentenced to two concurrent life sentences, without the possibility of parole, for the murder of his wife and daughter, and the county court also issued a five-year no-contact order of protection. When the orders of protection were about to expire, the People requested that the County Court amend an order of protection to extend the expiration date of the orders, and the defendant objected. The Monroe County Court held that it had the authority to amend the order of protection, even over the defendant’s objection. The court further held that a sentencing court can retain jurisdiction over orders of protection, so that adjustments necessitated by subsequent events can be made as efficiently as possible, as the sentencing court is “in the best position to amend permanent orders of protection, the bettér practice — and best use of judicial resources — is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance” (Zacher, 2011 NY Slip Op 50721[U], *2). Here, the Zacher court found that “[t]here is no constitutional impediment to a court’s power to modify its decisions provided those modifications do not subject the defendant to double jeopardy.” (Zacher at *2, citing Matter of Lionel F., 76 NY2d 747 [1990], cert denied 498 US 923 [1990]; People v Rosa, 265 AD2d 167, 167 [1st Dept 1999], lv denied 94 NY2d 884 [2000].)
In People v Nieves (2 NY3d 310, 316 [2004]), the Court of Appeals held that the issuance of an order of protection “incident to a criminal proceeding is an ameliorative measure intended *795 to safeguard the rights of victims and witnesses both prior to and after conviction — it is not a part of the sentence imposed.”
Based on the Court of Appeals’ reasoning in Nieves, this court now holds that a permanent order of protection, issued at the defendant’s sentencing, may be modified by this court, even though the protective order was an agreed upon term of the plea bargain and even though one of the parties objects to the amendment or modification. (See People v Zacher, 31 Misc 3d 1218[A], 2011 NY Slip Op 50721[U] [Sup Ct, Monroe County 2011]; CPL 420.10, 530.12 [6] [any order of protection should notify the defendant that it “can only be modified or terminated by the court”].)
Where the protected party consents to a termination or modification of the protective order, the defendant must still demonstrate that there has been a change in circumstances which leaves the court “firmly convinced that the defendant does not pose a danger to the protected party.” (People v Lassitter, 50 Misc 3d 264, 269 [Crim Ct, NY County 2015]; People v Palmer, 9 Misc 3d 1117[A], 2005 NY Slip Op 51625[U] [Tuckahoe Just Ct 2005]; People v Bohlman, 30 Misc 3d 313 [Nassau Dist Ct 2010].)
In Palmer, the court agreed to modify a final order of protection, reducing it from a full order to a limited order, after a hearing, where the protected party indicated that neither she nor her daughter, also named in the order, feared harm from the defendant because he had completed an anger management program. By contrast, in People v Bohlman (30 Misc 3d 313 [Nassau Dist Ct 2010]), the defendant moved to vacate a final order of protection entered in favor of his former girlfriend. His motion included an affidavit from the former girlfriend asserting that she did not want an order of protection and was not afraid of the defendant. The court declined to vacate the order of protection, despite the victim’s consent, where there was a history of violence between the parties and there was no evidence of self-improvement by the defendant.
Where the protected party objects to any modification of the no-contact order of protection, the court may modify a no-contact order of protection to a non-harassing order of protection or may terminate the order of protection only where the defendant “demonstrate [s] a compelling need for termination that substantially overrides the interest of the protected party in retaining the order.” (People v Lassitter, 50 Misc 3d 264, 269 [Crim Ct, NY County 2015].)
*796 In the present case, the victim has consented to vacating or modifying the order of protection. The victim indicates that he is not in fear of harm from the defendant. The defendant has also demonstrated a change in circumstances. More specifically, the records from the defendant’s substance abuse counselor demonstrate that the defendant has been actively engaged in individual appointments and regularly attends his group therapy. He has obtained assistance for his mental health issues, and he is working on developing a vocational plan through local vocational services.
As a result, the defendant’s request to either vacate or to amend the defendant’s sentence to modify the terms of his permanent no-contact order of protection is granted to the extent that the no-contact order of protection shall be modified to a non-harassing order of protection. The People’s request for a full no-contact order of protection at the victim’s home is denied.