People v Smart (2019 NY Slip Op 01043)





People v Smart


2019 NY Slip Op 01043


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1451 KA 16-02196

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM SMART, ALSO KNOWN AS ADAM D. SMART, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered October 25, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by amending the order of protection in favor of defendant's biological daughter to allow contact, communication, or access permitted by a subsequent order issued by a Family or Supreme Court in a custody, visitation or child abuse or neglect proceeding, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law
§ 215.51 [c]), defendant contends that County Court erred in issuing an order of protection in favor of a witness to a prior crime (see CPL 530.13 [4] [a]), i.e., his biological daughter, without providing that the order of protection could be modified by a subsequent visitation order issued by Family Court or Supreme Court. As a preliminary matter, we agree with defendant that his waiver of the right to appeal does not preclude us from considering his contention inasmuch as the order of protection was "not a part of the plea agreement" (People v Lilley, 81 AD3d 1448, 1448 [4th Dept 2011], lv denied 17 NY3d 860 [2011]), and is not a part of his sentence (see People v Nieves, 2 NY3d 310, 316 [2004]; People v Tate, 83 AD3d 1467, 1467 [4th Dept 2011]).
The issuance of an order of protection "incident to a criminal proceeding is an ameliorative measure intended to safeguard the rights of victims . . . both prior to and after conviction" (Nieves, 2 NY3d at 316), and "is not a form of punishment" (People v Foster, 87 AD3d 299, 301 [2d Dept 2011]). Here, the order of protection issued in this criminal proceeding bars all contact between defendant and his child, and cannot be modified by a subsequent visitation order of Family Court or Supreme Court unless it is first modified or vacated by the criminal court (see Matter of Utter v Usher, 150 AD3d 863, 865 [2d Dept 2017]; Matter of Samantha WW. v Gerald XX., 107 AD3d 1313, 1316 [3d Dept 2013]). We agree with defendant that, under the circumstances of this case, the order of protection should be subject to any subsequent orders of custody and visitation, and we therefore modify the judgment by amending the order of protection in favor of defendant's biological daughter so that contact will be allowed if ordered by Family or Supreme Court in a custody, visitation or child abuse or neglect proceeding (see People v Howes, 93 AD3d 954, 955 [3d Dept 2012]; People v Hull, 52 AD3d 962, 964 [3d Dept 2008]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court