People v Miazga (2019 NY Slip Op 02927)





People v Miazga


2019 NY Slip Op 02927


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

109658

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSEPH A. MIAZGA JR., Appellant.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered February 2, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
In March 2016, defendant pleaded guilty to two separate charges of felony driving while intoxicated stemming from his actions in February and September 2015, and he was sentenced to concurrent terms of six months in jail with five years of probation subject to certain terms and conditions [FN1]. In November 2016, declarations of delinquency were issued and defendant was charged, in two violation of probation (hereinafter VOP) petitions,[FN2] with violating several of the terms of his probation by, among other infractions, repeatedly testing positive for alcohol and being arrested on misdemeanor charges. Pursuant to a plea agreement that satisfied all probation violation charges,[FN3] defendant admitted that he violated special condition No. 26 of the terms and conditions of his probation by testing positive for alcohol on June 13, 2016 as [*2]charged in the first VOP petition. Defendant also admitted that he violated special condition No. 1 by being arrested on misdemeanor charges on November 2, 2016, as charged in the second VOP petition. Consistent with the agreement, County Court revoked defendant's probation and imposed one-year jail terms upon each conviction, to be served consecutively (see CPL 410.75 [5]). Defendant appeals.
Defendant argues that his admissions to violating the conditions of his probation were not knowing, voluntary and intelligent, and that his factual admission to the second VOP petition was insufficient. These contentions are unpreserved for our review, as defendant did not move to withdraw his admissions as is generally required to preserve such issues for our review (see People v Peterson, 147 AD3d 1148, 1149 [2017]; People v Johnson, 125 AD3d 1052, 1052 [2015], lv denied 25 NY3d 1073 [2015]; People v Beach, 118 AD3d 905, 905 [2014], lv denied 24 NY3d 959 [2014]). However, we recognize that defendant's admissions to the probation violations and the imposition of sentence occurred concurrently, at the same proceeding. Assuming that, as a result, defendant did not have the practical ability to make a postallocution motion and that his claims are, therefore, reviewable (see People v Conceicao, 26 NY3d 375, 381 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Tyrell, 22 NY3d 359, 364 [2013]; People v Griffin, 165 AD3d 1316, 1317 [2018]), we find no error.
The record reflects that County Court advised defendant of his rights in connection with the VOP petitions and the consequences of an admission to violating probation, and that defendant understood and accepted the plea terms and thereafter freely admitted violating the conditions of his probation (see People v Johnson, 125 AD3d at 1052 [2015]; compare People v Aubain, 152 AD3d 868, 870 [2017]). The record is devoid of any support for defendant's claims that he was "threatened" or that his "free will" was "broken" simply because there were multiple alleged probation violations and criminal charges were pending in another court. Likewise, his claim that he felt "pressure" to accept the plea deal because he was facing a significantly longer potential prison term in the absence of the plea agreement is unavailing, as it "amounts to the type of situational coercion faced by many defendants who are offered a plea deal, and it does not undermine the voluntariness of defendant's [admissions to violating probation]" (People v Sparbanie, 158 AD3d 942, 944 [2018] [internal quotation marks, brackets and citations omitted], lv denied 31 NY3d 1087 [2018]).
We are similarly unpersuaded by defendant's contention that his factual admission to the second VOP petition was inadequate. Under the terms of the plea agreement outlined prior to his admission, defendant agreed to admit that he violated special condition No. 1 of the terms and conditions of his probation requiring that he not violate any laws and that he notify his probation officer within 24 hours of being arrested. As contemplated by that agreement, defendant admitted that, while on probation, he was arrested for petit larceny and resisting arrest and that his conduct was "in violation of [the] terms and conditions of probation." This admission was sufficient to establish that defendant violated this condition of probation (see People v Wiggins, 151 AD3d 1859, 1860 [2017], lv denied 30 NY3d 954 [2017]; People v Romeo, 9 AD3d 744, 745 [2004]). Defendant's remaining claims similarly lack merit.
Lynch, J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: On defendant's appeal from the judgment of conviction with respect to the September 2015 driving while intoxicated charge, this Court recently affirmed (People v Miazga, 167 AD3d 1167 [2018], lv denied ___ NY3d ___ [Feb. 25, 2019]).

Footnote 2: The charges in the VOP petitions were essentially the same with the exception of the allegations regarding defendant's admission to drinking wine.

Footnote 3: The plea agreement also contemplated that defendant would enter a guilty plea to the misdemeanor charges pending in another court and receive a sentence that would run concurrently with the sentences imposed on this matter.